## Tate et al. v. Collins.

(Decided Nov. 27, 1936.)

FAULKNER & FAULKNER for appellants.

I. A. BOWLES and J. A. SMITH for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Mrs. Collins recovered a $450 judgment against Sarah Tate and her husband, Fallsberg Tate, for damages done to her Ford V-8 Tudor coach, on October 12, 1934, in a collision with it by an international truck belonging to the Tates. The Tates have filed here a copy of the record and have prayed an appeal.

### Place of Accident.

This occurred on State Highway 15, which leads from Winchester through Hazard to Whitesburg, and while it is by no means straight, we shall be able to ex-

plain this better by treating it as if it ran straight from west to east.

Mrs. Collins in her Ford was on the south side of this road and was going east from Hazard towards Whitesburg. The truck was on the north side of the highway and was going west towards Hazard. The witnesses do not agree about the speed of these machines, but a fair average of their estimates is that the Ford was going about fifteen miles per hour and the truck about thirty. There is neither allegation nor proof of any defects in the brakes or other appliances of either machine. The drivers of both machines were exercising due care and would have met and passed each other in perfect safety but for the accident we shall now narrate.

The Cause of the Accident.

North of this road there is a large hill that is so steep that to enable persons to get from the highway onto the hill top, and vice versa, a wooden stairway has been constructed. The hillside itself and a curve to his right in the road and his position on the highway prevented the driver of the truck from having as much view of the road at the foot of this stairway as had the driver of the Ford. If nothing unexpected had occurred, these two machines would have met and passed each other a short distance west of the foot of this stairway. Just before the truck reached the foot of this stairway, a seven year old girl who had come down this stairway started running in a southeast direction across the highway, within twelve or fifteen feet of this truck. At the speed he was going he would have struck her in three-elevenths of a second. The truck driver testified he tried to stop, saw he could not stop, cut his truck to the left or south to avoid killing her, and then cut back to the right or north in an effort to avoid striking the oncoming Ford.

He saved the little girl, she escaped without injury, but the rear end of the truck so swung and skidded to the south that it smashed into and seriously damaged the Ford, but none of the seven occupants of the Ford were injured.

Was the Truck Driver Negligent?

Confronted by the situation that he was, the humanitarian rule or the last clear chance doctrine shouted

to the driver of this truck: "Save her if you can!" He did his duty and the little girl was saved, but in saving her he smashed Mrs. Collins' Ford.

There certainly was no negligence in this. No one can be held to answer for a happening that results from his doing what the law makes it his duty to do. Courts have directed verdicts for defendants in absence of other negligence in cases where accidents resulted from efforts to avoid striking dogs that suddenly appeared in the pathway of machines. Burhans v. Burhans, 159 Md. 370, 150 A. 795; Olson v. Hermansen, 196 Wis. 614, 220 N. W. 203, 61 A. L. R. 1243. If trying to save a dog will excuse, then certainly one is to be excused for what happens when he is trying to save a child. So we must find other negligence if this verdict is to be sustained.

### Speed.

For such other negligence Mrs. Collins contends that this truck was travelling at an excessive rate of speed. The only evidence she has on speed is the testimony of Lindsay Collins, who, without qualifying, in response to a question as to the speed of the truck per hour, answered: "About 30 or 40, I guess." The rights of a litigant should not be guessed away, but if we accept this guess and assume this truck was going at the highest speed so guessed, its speed was permissible under the statute. See section 2739g-86, Ky. Stats. and case of Hopper v. Barren Fork Coal Co., 263 Ky. 446, 92 S. W. (2d) 776, where it was held that subsection (4) of section 2739g-51, Ky. Stats., upon which Mrs. Collins relies, has been repealed. There is no evidence this truck as then loaded weighed over 5,000 pounds or that this accident occurred within an incorporated city or town.

Mrs. Collins was asked about the speed of this truck, and she testified: "Looked like it was making about all it could make." That does not mean anything. The driver of the truck testified he stopped it in about 40 or 50 feet after striking the Ford and drove it over to the right hand side of the road and parked it. The witnesses for plaintiff in the average of their testimony fix the distance from the collision to where the truck was parked at between 60 and 75 feet. That affords no evidence of excessive speed, so we must hold there was no negligent speed shown.

### Failure to Go Behind the Child.

Mrs. Collins testified the driver of this truck could have missed this child by turning to the right instead of turning to the left as he did.

Molly Armstrong testified to the same effect, but on cross-examination she admitted she had not seen either the child or truck before the accident.

This same contention was made in Consolidated Coach Corporation v. Hopkins' Adm'r, 238 Ky. 136, 37 S. W. (2d) 1, and it is unavailing here for the same reason it was unavailing there. This truck driver had but three-elevenths of a second in which to do anything, and his employers are not responsible if in such an emergency he chose not the wisest course.

Since no negligence was shown, it was reversible error to overrule the motion of the Tates for a directed verdict for them.

In reaching this conclusion we have not gone into the question of contributory negligence upon the part of Mrs. Collins, but have assumed she was entirely blameless, yet she cannot recover of the Tates. True it is that the Collins machine was seriously damaged in the collision, but before Mrs. Collins can recover of the Tates she must not only show that they damaged her car but did so wrongfully. The evidence on this trial showed that as to the Tates, this was an unavoidable accident for which they are not responsible. 1 C. J. S. p. 1011, Unavoidable Accident; 1 C. J. p. 970, sec. 63. See Am. Jur., Actions, sec. 32; 1 R. C. L., Actions, sec. 5.

All other questions are reserved. The motion for an appeal is sustained, appeal is granted, and judgment is reversed.

The whole court sitting.