## MOBERLY v. FLYNN.

Court of Appeals of Kentucky.
March 14, 1952.

Shumate & Shumate, Irvine, for appellant.

E. B. Rose, Buford A. Short, Beattyville, for appellee.

SIMS, Justice.

Everett Moberly was struck and killed by a truck owned and driven by appellee, H. B. Flynn. His widow, as administratrix of his estate, in this action sought to recover $35,000 damages for his wrongful death. The petition averred Moberly's death was caused by Flynn's negligence. The answer was a general denial followed by a plea of contributory negligence. At the conclusion of all the evidence, the court sustained appellee's motion for a directed verdict, and the sole question for our determination is whether or not there was sufficient evidence to take the case to the jury.

There is but little conflict in the evidence. The accident happened in Estill County a mile or so east of Ravenna, near Chaney's store on Highway No. 52 between 6 and 7 o'clock in the evening of November 16, 1949. Flynn was driving a half ton pickup Chevrolet truck in an eastwardly direction from Ravenna toward Beattyville. The truck was not loaded and Mrs. Flynn was in the cab with her husband. The bright lights of the truck were burning at the time of the accident and its brakes were in good condition.

The road was 18 or 20 feet wide, it was not raining and Flynn was driving about 35 miles per hour. He drove up a slight hill and as the truck reached the apex and started down grade Flynn saw Moberly some 25 or 30 feet away near the middle of the road with his hands up coming toward the truck. The evidence developed that Moberly was drunk and was attempting to stop the truck for a ride. As soon as Flynn saw Moberly he blew his horn, cut his truck to the left and put on his brakes. Unfortunately, Moberly ran to his right and the right headlight hit him at a point 3 or 4 feet from the left berm of the highway. Flynn brought his truck to a stop within 5

or 6 feet of the spot where Moberly was struck, and marks on the highway show it skidded 15 feet before striking him.

Appellant insists Flynn was negligent because: 1. He struck Moberly 3 or 4 feet from the left berm of the road; 2. if Flynn had been keeping the proper lookout he would have seen Moberly in time to have averted the accident; 3. Flynn's testimony shows his lights were not up to the standard required by KRS 189.040.

The testimony shows that Flynn acted in an emergency not of his own making and pulled his truck to the left in an effort to prevent striking Moberly. One confronted with a sudden peril not of his own creation is not held by law to the same degree of judgment and activity to which he might be held if conditions were otherwise; and the fact that he may not have chosen the wisest course in the emergency does not make him negligent. Com. v. Bowman, 267 Ky. 50, 100 S.W.2d 801; Tate v. Collins, 266 Ky. 322, 98 S.W.2d 938; Pennington's Adm'r v. Pure Milk Co., 279 Ky. 235, 130 S.W.2d 24.

This record shows that Moberly was in the middle of the road at a point some 40 or 50 feet from the brow of a slight hill and Flynn could not have seen him until the truck was on the top of the hill. Flynn testified that Moberly was from 25 to 30 feet away when he first saw him as the truck came over the hill, therefore with reason it cannot be said that Flynn failed to keep a proper lookout.

Flynn testified his lights would reveal an object on the highway for 100 feet. Counsel for appellant argues from this that the lights were not up to the standard required by KRS 189.040 which provides headlights must have sufficient power "to reveal clearly substantial objects at least 350 feet ahead." Directly after Flynn made the statement that his lights would reveal an object 100 feet ahead, he was asked: "Q. I think the regular distance for that is 250 feet, isn't it? A. Well, whatever it is they are as good as any lights. I don't know the state law, but my lights were up to whatever they should be." Flynn fur-

ther stated his battery and lights were in good condition. Taking his testimony as a whole relative to his lights, it cannot be said that Flynn's lights were not up to the statutory requirements.

The trial judge, in a concise and lucid oral opinion from the bench when he instructed the jury to find for appellee, stated there was no evidence to show negligence on Flynn's part but the evidence showed Moberly was guilty of contributory negligence. We are in accord with the trial judge that when Moberly placed himself in the center of the highway 40 or 50 feet below the brow of the hill where the driver could not see him until reaching the top of the hill, Moberly was guilty of contributory negligence as a matter of law.

Appellant relies upon Marsee v. Hunt's Adm'x, 246 Ky. 503, 55 S.W.2d 376, Gilbert's Adm'r v. Allen, 264 Ky. 202, 94 S.W. 2d 341, Davidson v. Ratliffe, 277 Ky. 371, 126 S.W.2d 827, Wilkins v. Hopkins, 278 Ky. 280, 128 S.W.2d 772, Creasy v. Bunch, 232 Ky. 56, 22 S.W.2d 446, Trainor's Adm'r v. Keller, 257 Ky. 840, 79 S.W.2d 232, Thomas v. Dahl, 293 Ky. 808, 170 S. W.2d 337, and Galloway v. Patterson, 312 Ky. 862, 229 S.W.2d 960. It would take much space and considerable time to discuss and analyze all of these cases. Suffice it to say an examination of them reveals all are easily distinguished from the case at bar on their facts.

The instant case is more analogous to Monroe v. Townsend, 308 Ky. 123, 213 S.W. 2d 803 and Schultz v. Smith's Adm'r, 314 Ky. 198, 234 S.W.2d 676, although here we do not have the question of the driver failing to sound his horn. In both these opinions we pointed out that it is incumbent upon the plaintiff to prove defendant failed to exercise ordinary care and such failure was the proximate cause of the accident. The record before us does not show any negligence on the part of Flynn but that Moberly's negligence was the cause of the accident.

The trial court properly directed a verdict in favor of appellee, and the judgment is affirmed.