F. H. SAMMONS COAL COMPANY et al., Appellants,

v.

Leanner Smith STAMPER, Guardian for Franklin D. Smith, Age 8, Appellee.

Court of Appeals of Kentucky.

Jan. 19, 1962.

Rehearing Denied May 1, 1962.

Richard D. Cooper, Reeves, Barret & Cooper, Hazard, for appellants.

Cordell H. Martin, Hindman, for appellee.

WILLIAMS, Judge.

Franklin D. Smith, an eight-year-old boy, was injured when struck by a truck driven by L. R. Sammons. Trial was had in the Knott Circuit Court and the jury returned a verdict of $2500 in favor of Smith's guardian. This appeal is taken from the judgment entered on that verdict.

The accident occurred in a rural section, but near a small concentration of homes and a general store. Sammons drove his pick-up truck at a speed of less than 40 miles per hour around a slight curve in the highway where he was suddenly confronted with several children playing on and by the highway. At that time he was within 25 feet of the children and immediately started evasion tactics in order to avoid striking them. The Smith boy was on the opposite side of the road. After a car had passed going in the other direction he started across the road and was struck by Sammons' truck.

The only material conflict in the evidence is where and how the Smith boy was struck. Sammons testified that the evasive actions he took did not take him out of the right-hand traffic lane. He said the Smith boy ran across the road and into the left front fender of the pick-up truck while it was within its proper traffic lane. He further says he did not blow his horn and probably applied his brakes at the time the accident occurred. The truck continued 200 feet beyond the point of the accident. The Smith boy and his witnesses, on the other hand, testified that Sammons came across the center line of the road and that the accident occurred in Sammons' left-hand traffic lane. The boy was knocked to the pavement and was lying near the center of the road after the accident.

The appellant argues that the testimony of the Smith boy amounts to a judicial admission. He said: "I was on the left of the road. Some boys came down the road. I went over to meet them. As I started back across the road the car came by and some more kids were playing on the other side of the road and the car cut over and hit me to keep from hitting two or three more." Had this statement been made by a reasoning adult, it possibly would have amounted to a judicial admission. But this witness was only eight years old, and it is obvious from reading all of his testimony that he did not understand to the fullest extent the import of a good many of the questions which were asked. Taking the above-quoted answer out of context does not fairly represent the testimony of the child taken as a whole. Declarations of an infant are to be received with caution. It is the jury's function to determine the probative force of a declaration made by an infant. 20 Am.Jur., Evidence, section 594.

Notwithstanding the fact that we do not hold this infant chargeable with a judicial admission, the testimony of all the witnesses justifies the conclusion that the accident occurred because Sammons was taking evasive action to avoid striking

several other children. There was no declaration that any other course could have been taken which would have proved wiser under the circumstances. Before liability will attach negligence must be shown.

■ The mere fact that an accident occurs on the wrong side of the road does not of itself indicate negligence. Agee v. Hammons, Ky., 335 S.W.2d 732. No negligence was shown by the action of a truck driver who swerved to the wrong side of the road to avoid striking a child and in so doing collided with another vehicle. Tate v. Collins, 266 Ky. 322, 98 S.W.2d 938. In Pennington's Adm'r v. Pure Milk Co., 279 Ky. 235, 130 S.W.2d 24, a group of children riding sleds came down a hill around a curve and met a truck going the other direction. The driver swerved to miss one coaster and in so doing struck and killed two others. Judgment entered pursuant to a directed verdict was affirmed. It was held that no showing of negligence was made and that it made no difference that the driver may not have chosen the wisest course in the emergency.

■ In this case Sammons was suddenly confronted with children in the highway 25 feet ahead of him. Reacting to the emergency he avoided hitting those children and in so doing the accident with the Smith boy occurred. The fact that he continued 200 feet does not indicate excessive speed on his part. There is no showing that he made an attempt to stop immediately and, on the other hand, it appears that he slowed down gradually. No negligence on his part was shown and, under the authority of the cases cited above, it was error to refuse to direct a verdict in his favor. Appellants moved the court for a directed verdict and for judgment notwithstanding the verdict.

Judgment is reversed with directions for the circuit court to enter judgment for appellant.