## Lyons v. Southeastern Greyhound Lines.

Feb. 27, 1940.

Ira D. Smith, Special Judge.

Richard L. Garnett and C. B. Latimer for appellant.

R. W. Keenon and Richardson & Redford for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appeal is from a judgment on a directed verdict for the defendant in an action for damages by Lee R. Lyons for injuries sustained while a passenger on a bus.

The bus, going south on U. S. Highway No. 31-W, reached the foot of Muldraugh Hill after rounding a sharp curve and was running 35 or 40 miles an hour when it met a truck coming from the opposite direction. When about 40 yards away from it, a Ford automobile came from behind the truck and appeared in the path of the bus. There was no lessening of the speed of the bus until it and the truck were in the act of passing. At that time the bus driver applied the brakes to keep from hitting the automobile. The sudden stopping of the bus threw the plaintiff forward against the seat and injured him. There was a slight collision between the bus and the automobile. That is the plaintiff's testimony. His

companion's evidence is substantially the same, except that he testified the Ford car undertook to pull back into its line of traffic behind the truck, but did not do so. Both witnesses signed cards at the time saying that the driver of the automobile was at fault and not the driver of the bus. Plaintiff later signed a statement to the same effect. A passenger riding on the rear seat said the car stopped suddenly but it did not hurt him. That is the plaintiff's case.

The truck driver testified that he saw that he was going to meet the bus on a bridge and slowed down. The bus had stopped before getting to the bridge and he motioned its driver to come ahead. It came through slowly and when the truck and bus were nearly opposite one another the Ford automobile came around the truck and tipped the back wheel of the truck. The bus stopped. The Ford driver testified that he had been following the truck down the hill with a string of cars back of him. He had seen the bus coming down the opposite hill around a curve perhaps 200 yards away. As it approached the bridge the bus slowed down until it was "barely rolling," and the truck also slowed down. He applied his brakes but they would not hold and he tried to go around the truck and pass between it and the bus. In doing so his bumper caught the wheel of the truck and threw him into the fender of the bus. At that time the bus was standing still. The driver of the bus related that he had slowed down as he was meeting the truck at the bridge and was in second gear, running 7 or 8 miles an hour. The truck driver motioned him to come ahead and as he did so, without acceleration of speed, and when he was about 20 feet from the truck, the automobile came from behind right into his path. He applied the brakes without any sudden stop or jar, since he was moving so slowly, and was standing still when the automobile collided with him. The collision was very slight. The testimony of these three witnesses as to the immediate situation and action of the participants, together with evidence that there was a gradual stopping of the bus and no sudden jar, is corroborated by two employees of the defendant who happened to be riding the bus, and by other passengers apparently disinterested in the case. That is the defendant's case.

It is an undisputable proposition of law that if one suffers injury as the proximate result of negligence of another combined with that of a third person, each of them is severally liable to the injured party. So that if there was sufficient evidence to show that the defendant bus company's driver was in any respect negligent and that negligence contributed to bring about the injuries of the plaintiff, it is liable. The appellant submits that there was enough proof to take the case to the jury on the question of the defendant's negligence in operating the bus at an excessive speed, around a curve, on a much traveled highway, and in not having it under such control that the driver could stop the machine and avoid collision with the approaching Ford automobile without having to stop so suddenly as to throw him against the seat. He maintains that his evidence shows that the perilous position was or should have been discovered by the driver when the bus was 40 yards away, and he did not slacken his speed until the danger was immediate.

To sustain the argument, counsel relies upon the scintilla rule. Since the filing of his brief, we have expressly abandoned that rule and the standard now prevailing for the guidance of the trial judge is whether a verdict found upon such evidence would have had to be set aside as being flagrantly against the evidence. Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. (2d) 877. However, accepting plaintiff's testimony at its face value, we perceive no actionable negligence on the part of the defendant. The place of meeting was not on a curve but on a relatively straight course, although not of extended length. The speed of the bus was apparently within the statutory limit, Section 2739g-51, Statutes, and until the Ford car came from behind the truck there was no reason to anticipate danger in proceeding on the way at the same speed. It is true that the bus driver, having the responsibility of guarding the safety of his passengers, even in an emergency, must continue to exercise that degree of skill, diligence and foresight owed by a carrier to its passengers, and a failure to do so renders the carrier liable if it was a contributing cause of injury. 4 Blashfield, Cyc. of Automobile Law, Permanent Edition, Section 2163. This conception of the law does not conflict with the proviso that one without fault, confronted with an unexpected crisis, is not called upon

to exercise the same ordered judgment as under other and more ordinary circumstances. Tate v. Collins, 266 Ky. 322, 98 S. W. (2d) 938; Hogge v. Anchor Motor Freight Company, 277 Ky. 460, 126 S. W. (2d) 877; Pennington's Adm'r v. Pure Milk Company, 279 Ky. 235, 130 S. W. (2d) 240; 4 Blashfield, Permanent Edition, Section 2163. Of course, the driver of the bus must exercise the required degree of care to avoid an emergent peril. Thus, he may not place his bus so close behind a moving vehicle, in congested traffic, that he cannot stop it in time to avoid collision in the event that vehicle should suddenly stop. Consolidated Coach Corporation v. Garmon, 233 Ky. 464, 26 S. W. (2d) 20. In such a situation he must anticipate possibility of the front car suddenly stopping. But that is a different situation from the present one. There was no reason whatever for the driver of this bus to anticipate that an automobile would suddenly come out from behind the approaching truck right in his path and continue straight toward him.

We quote with approval the following pertinent statement from Canton Motor Coach v. Hall, 46 Ohio App. 516, 189 N. E. 505, 508; note, 96 A. L. R. 742:

"A carrier must use every precaution for the safety of its passengers and at the same time not violate the duty which it owes to other people to use ordinary care not to injure them. We are unable to understand what the plaintiff would have the [driver] do in the case at bar. The driver of the bus was faced with a sudden emergency in which there were but two alternatives. He could do nothing and let the bus crash into the car ahead, seriously endangering the lives of its occupants, as well as the lives of the passengers on the bus, or he could do exactly what he did do, namely, apply the brakes as forcefully as possible in an effort to avert the collision, which effort, as shown by the testimony, was so nearly successful as to result in only slight damage to the car with which the bus collided, and none to the bus itself. The mere proof of the happening of an injury to a passenger, without showing an actual definite breach of duty by the carrier, is insufficient in law to constitute a ground of actionable negligence, and the evidence in the record

before us in the instant case clearly shows that the cause of the collision was not the negligence of the bus driver, but that of another person who created an emergency in which the bus driver acted in the only way possible for an ordinarily prudent person to act.''

In respect to the liability of a carrier for injury of a passenger resulting from a sudden jerking or stopping of the vehicle, it is the established rule that the carrier is not liable unless the plaintiff alleges and proves that the act was sudden, unusual and unnecessary and of such violence as to indicate negligence, and an instruction which does not submit or indicate all of those elements is erroneous. Louisville & Interurban Railroad Company v. Roberts, 190 Ky. 744, 228 S. W. 681; Chesapeake & O. Railway Company v. Hay, 248 Ky. 69, 58 S. W. (2d) 228. If the violence of the jerk or stopping is sudden and unusual in the course of the ordinary operation of the machine, or of such character that the jury may infer that it was unnecessary and was the result only of careless operation of the vehicle, the evidence will be deemed sufficient prima facie to establish negligence. Kentucky & Tennessee Ry. Company v. Ball, 175 Ky. 630, 194 S. W. 785; 13 C. J. 1462; Millers Creek Railroad Company v. Blevins, 181 Ky. 800, 205 S. W. 911. In this case the plaintiff's testimony—though contradicted by the preponderance of the evidence—was that he was injured by a sudden stopping of the bus. But all of the evidence proves that the emergency made such action necessary. Hence one of the essential elements of his cause of action was not established. We are of opinion, therefore, that the court properly gave a peremptory instruction to the jury to find for the defendant.

Judgment affirmed.