## Conley v. Jennings et al.

Feb. 15, 1944.

Keenon & Odear and McCoy & McCoy for appellant.

Harrington & Harrington for appellee Mrs. Minnie Jennings.

Goodykoontz & Slaven and Andrew E. Auxier for appellee Winston Ford.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

By her petition as amended appellee, Minnie Jennings, sought redress for injuries sustained in an accident while a passenger in one of appellant's buses, allegedly caused as the result of the joint and concurrent negligence of the driver of the bus and appellee, Ford, the owner and driver of a truck, which the bus driver was attempting to pass at the time the accident occurred. The bus was traveling on a highway between Tomahawk and Inez in Martin County, and at the time its driver attempted to pass the truck, both vehicles were proceeding up a hill on a road which recently had been repaired. The driver of the bus lost control of his vehicle, either because in attempting to pass the truck he swerved too far to his left, running onto a soft berm, or as a result of a collision with the truck; in either event, the bus was precipitated over an embank-

ment, turning over two or three times, as a result of which the injuries complained of were sustained. Upon a verdict of the jury, judgment was entered against appellant in the sum of Five Thousand Dollars ($5,000), and the petition was dismissed as to appellee, Ford. As grounds for reversal appellant contends, (1) that the Court abused its discretion, to the prejudice of appellant's substantial rights, in refusing to require Mrs. Jennings to present herself at a hospital in Paintsville, Kentucky, sixteen miles distant from her home, and there to submit to a physical examination; (2) that the Court erred in the admission of incompetent evidence; (3) that the Court erred in overruling appellant's motion for a peremptory instruction in his favor; and (4) that the Court erred in refusing to give the instructions offered by appellant, and in giving the instructions upon which the case was submitted.

The evidence shows that at the time the motion was made to require Mrs. Jennings to present herself to the hospital in Paintsville, she was in an extremely nervous condition, and was suffering from the injuries she received in the accident. The road from her home to Paintsville was rough, the distance sixteen miles. Mrs. Jennings had previously submitted to an examination by physicians of appellant's selection, but her presence at the hospital was sought in order that the medical examiners could take advantage of modern scientific apparatus installed at the hospital; but it was shown that the machines, the use of which was contemplated, could be removed from the hospital and the examination made at the home of the victim of the accident, provided the specialist familiar with the use of the machinery was willing to make the journey. In all cases, a motion to require an injured person to present himself at a hospital for examination addresses itself to the sound discretion of the court, and in the circumstances related, we are of the opinion that the Court did not abuse his discretion in overruling the motion.

We will now consider the complaints in respect to the evidence. The witness, Ina Mae Humble, daughter of Mrs. Jennings, was asked: "Judging from the way she (appellee) walks and the way she tries to get around, if she does, tell the jury whether or not her condition is better, from your observation." She answered: "It certainly isn't any better, and I think it is worse." The complaint made concerning the above

quoted question and answer is that the witness did not testify that the patient could walk; therefore, her answer based upon the way she walked was incompetent. The objection is frivolous. The answers of the witness to questions previously propounded qualified her to answer the question objected to. She showed that she was familiar with her mother's physical condition before and after the accident, and that she had had an opportunity to, and did, observe her movements constantly. The attorneys for appellant had the opportunity to cross-examine her in respect to the details of her observations, and refused to do so. The evidence, therefore, was competent.

The witness, Earl Mills, was asked the following questions, and made the following answers:

"Q. Did you smell liquor around there? A. I smelled liquor, but several around.

"Q. When you smelled liquor could you touch him (the driver)? A. Yes.

"Q. Close enough to touch him when you smelled liquor? A. Yes, smelled it.

"Q. See any bottles around there? A. Bottle in the bus.

"Q. Where was it when you saw it? A. I don't remember, about middleways, I think."

Mrs. Jennings was asked the following questions, and made the following answers:

"Q. Did you smell the odor of intoxicants when you paid the driver and got on the bus? A. Yes.

"Q. When you first got into the bus, out of fresh air, outside, when you were near the driver, paying the driver did you smell the odor of intoxicants? A. Yes, I just reached him the money, and went on—just after I passed him."

The mere presence of the odor of intoxicating liquor in a vehicle loaded with passengers is not sufficient to show that the driver has been drinking intoxicants. Neither the questions nor the answers were sufficiently specific to charge the driver as being the one guilty of drinking the liquor. Therefore, it is manifest that this evidence was incompetent. The accident occurred on November 10, 1941, and it is reasonable to suppose that the weather was such as to require

656

the windows of the bus to be closed. Had any of the passengers been drinking, the odor of liquor may have been smelled by the witnesses; and where the evidence does not disclose the person from whom the odor emitted, it was incompetent to permit the jury to speculate that the driver was guilty of the use of intoxicants at the time of the accident. This evidence was highly prejudicial, as proof that a driver of a vehicle participating in an accident was using intoxicating liquors at the time of the accident is almost conclusive in the minds of the jury that he was guilty of negligence. On the next trial the Court should not permit such vague and indefinite testimony in respect to intoxicating liquor to be introduced in evidence.

The witness, Mart Welch, was asked: "Q. Was there any reason why the bus couldn't have undertook to pass the truck where it was several feet wider?" His answer was: "Would have had to pass it where it was. Could have passed it if it had been wider." While this evidence perhaps was not technically competent, as calling for an expression of an opinion, we believe it to be so irrelevant as not to have been prejudicial.

The complaint as to the testimony of the witness, G. W. Robinson, concerning the tracks made by the bus, is not well founded. The witness arrived at the scene of the accident shortly after it occurred, and traced the tracks to the point where the bus plunged over the embankment. The witness' testimony sufficiently identified the tracks as being those made by the bus to render the evidence competent.

The evidence in respect to the cause of the accident was conflicting; that for plaintiff being to the effect that the driver of the bus lost control of his vehicle, either by reason of steering his bus onto the soft berm of the road without interference, or because he failed to sound his horn as a warning to the driver of the truck, and as a result of which the latter, not knowing of the approach of the bus, did not pull a sufficient distance to his right to permit the bus to pass. This evidence was sufficient to submit to the jury the issue as to the negligence of appellant, and to support the verdict of the jury that the latter was negligent, and that the appellee, Ford, was not negligent. The Court, therefore, did not err in overruling appellant's motion for a directed verdict.

The final complaint concerns the instructions to the jury. The objection to the instructions, upon the ground that they permitted the jury to find against the defendants in different amounts, is not well taken, in view of the verdict rendered. The jury found the driver of the truck not to have been negligent; therefore, the instruction in respect to comparative negligence passed out of the case. Instructions A and B offered by appellant, and about which complaint is made because the Court refused to give them, were bottomed upon the theory of a pre-existing disease, and about which there was no evidence in the case. Obviously, the Court did not err in refusing to give these instructions. But the complaint in respect to instruction No. I given by the Court is well taken. By it the Court instructed the jury that they should find for the plaintiff if the injuries complained of were brought about by reason of the violation of certain duties imposed upon the driver of appellant's bus, including those in respect to the speed of the bus, the clearness of the road of all other traffic and obstructions, and the clearness of vision for at least a distance of one hundred fifty (150) feet ahead. There was no evidence that the driver of the bus was traveling at an excessive rate of speed, or at a rate of speed which was not reasonable considering the time and place referred to in the evidence; nor was there any evidence that the highway was not clear of traffic or obstructions, or that it did not present a clear vision for one hundred fifty feet ahead at the time the driver of the bus attempted to pass the truck. Therefore, the Court erred in submitting these questions to the jury. On the next trial, the Court will confine the duties of the driver of the bus to those about which there was evidence of a violation.

For the reasons assigned, the judgment is reversed, with directions to grant appellant a new trial, and for proceedings not inconsistent with this opinion.