CINCINNATI, NEWPORT & COVINGTON RY. CO. v. ROTHE.

Court of Appeals of Kentucky.

Oct. 24, 1952.

Rehearing Denied Dec. 12, 1952.

Arthur J. Daly, Covington, for appellant.

Ebert, Cook & Burke, Newport, for appellee.

CLAY, Commissioner.

Appellee was injured when one of appellant's busses, on which she was riding in Cincinnati, stopped abruptly and hurled her against a metal bar. At the trial appellant introduced no evidence, and the jury awarded appellee $7,500 damages.

Appellant first contends that appellee failed to plead the Ohio law. We are unable to comprehend how this failure affects the merits of the controversy. The point is raised here for the first time. It was not set forth as a ground in the motion for a new trial. The case was practiced and submitted to the jury on the issue of common-law negligence. No objection is raised to the instructions. Since appellee was not bound to rely on the Ohio law (and appellant's duties under either the Ohio, Kentucky, or common law were substantially the same), there was no prejudicial error in this phase of the proceeding.

Appellant next contends that it was entitled to a directed verdict because appellee failed to prove "culpable" negligence. The argument is that even though admittedly the bus stopped suddenly and violently, the plaintiff failed to prove by direct evidence that such stop was unnecessary. The accepted rule is that where the plaintiff in this type of case proves a sudden, violent stop, sufficient to cause injury, the jury has the right to infer that it was both unusual and unnecessary. See Kentucky & T. Ry. Co. v. Ball, 175 Ky. 630, 194 S.W. 785; Millers Creek R. Co. v. Blevins, 181 Ky. 800, 205 S.W. 911; Lyons v. Southeastern Greyhound Lines, 282 Ky. 106, 137 S.W.2d 1107; Cleveland Railway Co. v. Hunt, 116 Ohio St. 291, 156 N.E. 133. As pointed out in these cases, since the carrier is under a duty to exercise the highest degree of care, the burden is upon it and not the plaintiff to explain why such unusual operation was necessary. As shown in the present case, the plaintiff was not in a position to know what occasioned the bus driver to stop suddenly. Without explanation, the jury could reasonably infer that it was unnecessary. Appellant was not entitled to a directed verdict.

Lastly appellant contends that the verdict of $7,500 was excessive. Appellee was 68 years of age. She earned $25 to $30 a week as a housecleaner. In the accident, while no bones were broken, her left arm, elbow and her left foot and ankle were badly bruised. Her medical expenses were $410. Competent physicians testified that she had suffered a permanent injury to the ulnar nerve of her left arm. It resulted in a partial paralysis, and there was ample evidence this would substantially interfere with the performance of her customary physical labors. Considering the pain and suffering, the permanent nature of the injury, and the loss of earning power, this verdict is not excessive.

The judgment is affirmed.