KOPP v. LOUISVILLE TAXICAB & TRANSFER CO.

Court of Appeals of Kentucky.

May 8, 1953.

Wallace & Hopson and Finley F. Gibson, Jr., Louisville, for appellant.

Robert L. Page, Louisville, for appellee.

MILLIKEN, Justice.

Appellant, Lillian Kopp, instituted this action against appellee, Louisville Taxicab & Transfer Company, to recover damages for personal injuries allegedly sustained on February 6, 1946, when one of the appellee's drivers brought the cab in which she was a passenger to a sudden stop, throwing her to the floor of the cab and thereby injuring her back, right shoulder and right knee. At the conclusion of all the evidence, the trial court peremptorily instructed the jury to find for the appellee and the propriety of that ruling is the sole issue on this trial.

When called as a witness by the appellant (plaintiff below), Mrs. Hurt, the driver of the cab, testified that after the appellant boarded the cab she drove west on Kentucky Street, stopped at the boulevard on Fifth Street, observed some children playing on the sidewalk, turned right and north onto Fifth Street and drove about 200 feet when a boy suddenly ran out into the street about ten feet in front of the cab with his back to it. She testified that she was going about "ten to fifteen miles an hour," that she brought her cab to a sudden stop, and that she did not hit the child, though he brushed against the left fender of the cab and ran on down the street.

The appellant insisted that she saw no children on the sidewalk and saw no child in the street, and thus attempted to contradict the cab driver's explanation of why she stopped the cab so suddenly. The appellant was riding on the right side of the cab in the back and was "just sitting unconcerned in the seat" when the cab stopped suddenly. When asked whether she was paying any attention at all at the time of the stop, she replied: "I looked up once in awhile, of course, but wasn't looking out when she throwed me." She repeatedly stated there was no child on the street, yet she also declared: "I didn't know anything for awhile" after she was thrown from the seat. She said: "It just knocked the breath out of me. I started crying—I couldn't breathe, it hit me so hard." In view of the fact that the child ran out into the street in front and to the left of the cab, the passenger in the right back seat of the cab was not in a favorable position to notice the child had her attention been focused in that direction. In the condition and position she said she was in immediately after the stop, her failure to see the child is quite understandable. In the circumstances, we believe the trial judge correctly ruled that the passenger's testimony as to the absence of the child or children is entitled to no weight and is not sufficient to create such a conflict with the positive testimony of the cab driver as

would take the case to the jury. 20 Am. Jur., Evidence, Section 1187. According to Wigmore on Evidence, Section 664, the test for the admissibility of such negative evidence "is that the witness should have been so situated that in the ordinary course of events he would have heard or seen the fact had it occurred." In the case at bar, it is our opinion that the testimony of the appellant does not meet that requirement.

█ The appellant contends that the emergency, if any there was, was caused by the negligence of the cab driver and, as a consequence, the issue should have been submitted to the jury. What then is the negligence, the breach of duty, on the part of Mrs. Hurt, the cab driver? She was driving the cab in second gear between ten to fifteen miles an hour and for approximately 200 feet had observed the children playing on the sidewalk to her left. In other words, the cab driver was proceeding slowly, was keeping a lookout ahead, had the children under observation, and had her cab under sufficient control to be able to stop it quickly when the thoughtless youngster ran into the street. Sudden appearance of the boy is not involved; his sudden action is. We find here no breach of duty by the cab driver.

In the case at bar, unfortunately we are not favored with other testimony concerning the sudden stop, but since we have concluded that the testimony of the seventy year old passenger as to the absence of children is entitled to no weight because of her admitted inattention and the circumstances surrounding her at the time, we conclude that our language in Lyons v. Southeastern Greyhound Lines, 282 Ky. 106, 137 S.W.2d 1107, 1109, with cases cited therein deleted, is peculiarly applicable to the case at bar:

"In respect to the liability of a carrier for injury of a passenger resulting from a sudden jerking or stopping of the vehicle, it is the established rule that the carrier is not liable unless the plaintiff alleges and proves that the act was sudden, unusual and unnecessary and of such violence as to indicate negligence, and an instruction which does not submit or indicate all of those elements is erroneous. * * * If the violence of the jerk or stopping is sudden and unusual in the course of the ordinary operation of the machine, or of such character that the jury may infer that it was unnecessary and was the result only of careless operation of the vehicle, the evidence will be deemed sufficient prima facie to establish negligence. * * * In this case the plaintiff's testimony—though contradicted by the preponderance of the evidence—was that he was injured by a sudden stopping of the bus. But all of the evidence proves that the emergency made such action necessary. Hence one of the essential elements of his cause of action was not established. We are of opinion, therefore, that the court properly gave a peremptory instruction to the jury to find for the defendant."

The judgment is affirmed.