Luther **CONLEY'S ADM'R (Woodford Conley) d/b/a Conley Bus Lines, Appellant,**

**v.**

**Marian WARD, Appellee.**

Court of Appeals of Kentucky.

Dec. 16, 1955.

As Modified on Denial of Rehearing June 22, 1956.

Stoll, Keenon & Park, Chas. Landrum, Jr., Lexington, Earl Cooper, Salyersville, for appellant.

Marcus Mann, Salyersville, Joe Hobson, Prestonsburg, for appellee.

STANLEY, Commissioner.

In the midafternoon of October 16, 1953, the appellee, Mrs. Marian Ward, was injured while a passenger on a motor bus of the Conley Bus Company, the name under which Luther Conley operated as a common carrier. Conley died pending Mrs. Ward's action for damages, and the case was revived against his administrator. The plaintiff recovered a judgment for $25,000. The appellant maintains the judgment should be reversed upon several grounds, primarily that no negligence on the part of the bus driver was proved since he had acted prudently in an emergency. The judgment is further challenged because of errors in the instructions, certain rulings of the court, and excessive damages.

The motor bus was traveling westwardly towards Salyersville from Paintsville. The plaintiff proved the bus left the highway, ran into and along the road ditch for about 120 feet and struck a culvert abutment. She testified that when the bus was 300 feet away from it, she saw a truck parked off the paving on the other side of the highway opposite the mouth of an intersecting road, and a woman was standing near the left rear wheel of the truck. It pulled out into the highway and came on. The truck and the bus passed each other, and there was nothing in the path of the bus when it ran off the road. Mrs. Ward testified that the striking of the culvert was the last thing she remembered. She did not undertake to state the particular cause of her injuries, which were mainly about her chin and mouth. This is the substance of all the evidence in behalf of the plaintiff other than that relating to her injuries.

The defendant proved by the driver and some passengers that the bus was running about 35 mph when the truck pulled out into the road. A Mrs. Cantrell, who had alighted from the truck, came out from behind it and darted across the highway into the path of the bus when it was one or two lengths away. A seven-year old boy, standing in a nearby yard, testified, "The woman run across the road there. The mail truck was setting still, and she come around behind the truck and the bus was coming and it would kill her and he run over in the ditch." The driver applied the brakes and swerved the bus to the right off the road in order to avoid striking the woman. Mrs.

Cantrell testified she got out of the truck, went around back of it and ran or walked fast across the highway; that she never saw the bus because she was not looking for cars; that she got clear across the road and then saw the bus coming down in the ditch around and in front of her. She was never in its path but for four or five feet beyond the highway and stepped back when the truck ·in the ditch passed. her. Morris Conley, son of the bus owner, testified the plaintiff told him at the hospital, "The bus driver did an awful good job by not hitting this other lady." ·The plaintiff and her mother denied that she made such a statement.

■ The instructions applied the res ipsa loquitur rule by telling the jury, in effect, to return a verdict for the plaintiff unless they found the bus driver was not negligent or unless the accident was caused by the woman suddenly approaching or entering the path of the bus and thereby creating a perilous situation which required the bus to be driven off the highway or made the accident unavoidable.. This erroneously placed the burden of proof in the entire case upon the defendant. The appellant submits that the res ipsa loquitur rule does not apply since the cause of the bus leaving the road was proved and the driver was shown not to have been negligent or responsible for the accident.

■ Much has been written on the theory and application of the rule so that some confusion quite naturally exists. There is no need here to add to the confusion by writing on the subject analytically or philosophically. The appellant concedes, as he must, that when a motor bus is shown to have run off the road there·is an inference that it was through negligence. Consolidated ·Coach· Corporation v. Hopkins, 228 Ky. 184, 14 S.W.2d 768; Consolidated Coach Corporation v. Earls' Adm'r, 263 Ky. 814, 94 S.W.2d 6. But the appellant invokes the limitation or qualification of the rule that the inference is dissipated and goes out of the case when the particular cause of the occurrence or accident is revealed or explained. Dunning v.

Kentucky Utilities Co., 270 Ky. 44, 109 S.W.2d 6; Crawford v. Alexander, Ky., 259 S.W.2d 476; Cox v. Wilson, Ky., 267 S.W.2d 83. Here the plaintiff made a prima facie case by proving the bus left the highway. There was nothing in her evidence that could be regarded as explaining or showing the cause of the accident. Had the case rested there, the court would have been authorized to direct a verdict for the plaintiff without any qualification or contingency. Lewis v. Wolk, 312 Ky. 536, 228 S.W.2d 432, 16 A.L.R.2d 974. But the defendant picked up the burden of going forward with the evidence and revealed or explained by facts and circumstances why the bus left the road, which evidence if believed altogether would have freed him of responsibility. Sometimes evidence of facts in a case is so conclusive or so satisfactory that reasonable minds would agree that the defendant was clear of responsibility and thereby, as a matter of law, destroy the inference of negligence arising from the fact of the accident. An example is where the defendant positively showed. that the accident was due to the intervention of some cause wi⁺h which he had nothing to do or which he could not have prevented or that it was clearly unavoidable. Cox v. Wilson, Ky., 267 S.W. 2d 83. But we do not think the defendant's evidence in this case was of that clear character. That evidence was that the bus operator did what he regarded as being required or justified by the near approach or the presence of the pedestrian in the path of the bus. As to the justification, there was room for a difference of opinion. The evidence of the situation, taken as a whole, did not constitute conclusive proof of the exercise of the very high degree of care which the law imposed. It cannot be said that only one reasonable conclusion of freedom of slight negligence could be reached. Watson v. Pullman Co., 238 Ky. 491, 38 S.W.2d 430.

■ Of course, a carrier will not be liable for an accident unless it does something it should not do or fails to do something it should do, or unless it is guilty of some fault. So, this carrier is not liable

if the accident resulted from the intervention of some agency over which he had no control. Lyons v. Southeastern Greyhound Lines, 282 Ky. 106, 137 S.W.2d 1107. We consider the law applicable to that defense in this case.

■ The duty of the bus operator to the pedestrian was to observe ordinary care, but his duty to the passengers was to observe the highest degree of care to avoid injuring them. That duty is not met as a matter of law by the mere observance of the laws of the road, for negligence, if any, as between the operator of the motor bus and his passenger is not to be measured by his duty to other users of the highway. Ken-Ten Coach Lines v. Siler, 303 Ky. 263, 197 S.W.2d 406. The case of Tate v. Collins, 266 Ky. 322, 98 S.W.2d 938, relied upon by the appellant, is not completely applicable for there the duty of the truck driver was only that of ordinary care owing a child who suddenly appeared from a concealed place before the truck. In order to avoid striking the child, the driver cut the truck to the left and then back to the right in order to avoid striking an oncoming car, and the rear end of the truck skidded into that car. The suit for damages was by the occupants of that car. It was held to have been an unavoidable accident. That is not a common carrier case. More applicable is Ken-Ten Coach Lines v. Siler, 303 Ky. 263, 197 S.W.2d 406, which was an action by a passenger against a motor bus carrier for injuries sustained when the bus went off the highway and overturned in attempting to pass an automobile, which, it was claimed, swerved in front of the bus.

Moreover, in this case the passenger was not injured immediately upon the bus leaving the paved highway. It ran along the side or in the ditch for perhaps 120 feet before it struck the culvert. The jury could conclude that the driver should have and could have stopped the bus before striking the culvert.

The instructions did not, in our opinion, properly or simply submit the issues.

■ That the bus of a common carrier left the highway and the plaintiff was a passenger and was injured are unquestioned. There was no evidence indicating unreasonable speed or a failure to keep a lookout or a lack of control before the emergency arose, nor of any other specific negligent operation. So, there were no issues on these points to be submitted to the jury. Conley v. Jennings, 296 Ky. 652, 178 S.W.2d 185.

The instruction submitting the defense of an intervening cause followed the form of an instruction held not to have been erroneous in Ken-Ten Coach Lines v. Siler, 303 Ky. 263, 197 S.W.2d 406. The given instruction seems to have been substantially all right except for the omission of the element of negligence that could have been found to exist after the bus had gone into the ditch and before it struck the culvert. Another instruction was given on the theory of unavoidable accident if the presence of the pedestrian placed the driver of the bus in a position of peril, but it omitted the elements of imminence and of the degree of injurious consequences attendant upon striking the pedestrian as well as the driver's duty in averting the peril. We think there was no basis for this instruction.

We believe instructions in substantially the following forms will be proper if the evidence be the same on another trial.

■ *Instruction No. 1.* If the jury believe from the evidence that the bus left the highway and ran into the culvert abutment because the driver failed to exercise the highest degree of care and precaution for the safety of the passengers that was consistent with the practical conduct of the business of a carrier of passengers by motor bus, you will find for the plaintiff. Unless you so believe, or if you believe the facts to have been as presented in Instruction No. 2, you will find for the defendant.

■ *Instruction No. 2.* If the jury believe from the evidence that while the driver of the defendant's bus was exercising the highest degree of care for the safety of bus passengers, a woman suddenly and unexpectedly came in front of the bus or was

approaching so close to its path that the driver either was confronted, or in the exercise of the highest degree of care reasonably believed that he was confronted, with a sudden emergency in that the woman was in imminent danger of receiving great bodily injury, and that in the exercise of the highest degree of care the driver reasonably believed that with the means then at his command he could not stop the bus or avoid striking the woman without leaving the road, and in order to avoid striking the woman he drove the bus off the paved highway, and that in operating the bus on the side of the road and partly in the ditch the driver exercised the degree of care stated in Instruction No. 1 to avoid striking the culvert, then the law is for the defendant and you will so find, but unless you so believe, you will find for the plaintiff.

It does not reasonably appear that the safety of the bus passengers would have been imperiled by striking the pedestrian. If in the circumstances of a particular case it reasonably appears that there was such imminent danger of injury to the passengers (as, for example, by striking a truck or other heavy object), it may be proper and necessary to incorporate that factor in the instruction.

While the second phrase of the prepared instruction places the burden upon the defendant to exercise due care irrespective of the presence of the pedestrian, we think it is proper because the emergency had passed and the bus was not where it should have been in the ordinary course of its operation. It would be different if, for example, the culvert or another object struck was materially closer to the point where a bus left the road or if there is no reason to believe that the driver could have avoided striking the culvert or object in the sequence of events by exercising the care due his passengers.

■ The instruction on the measure of damages permitted recovery for lost time when none had been pleaded and for expenses incurred larger than the evidence established. The plaintiff had three or four teeth so loosened that they had to be removed and her bridge was broken. Her

mouth was cut and she claimed to have numbness in her lower lip, which her doctor described as being "more or less" permanent. She also suffered a superficial injury to her knee. The verdict for $25,000 for such injuries is shockingly excessive.

The bases of other claimed errors will probably not arise upon another trial and need not be considered.

The judgment is reversed.