Raymond **CAMPBELL**, Appellant,

v.

Lee **McCOY** et al., Appellees.

Court of Appeals of Kentucky.

Nov. 1, 1957.

Elbert Strong, Hazard, for appellant.

Duff Arnett, Hazard, for appellees.

CAMMACK, Judge.

This action was instituted by the appellant, Raymond Campbell, against the appellees, Lee McCoy and Ernest Miniard, to recover damages for injuries he sustained in a truck accident alleged to have resulted from their negligence. A prior action arising out of the same accident instituted by Miniard against McCoy, wherein Campbell testified for Miniard, resulted in a judg-

ment in favor of Miniard. Campbell was a passenger in the truck which was driven by Miniard and owned by McCoy. This appeal is from a judgment on a directed verdict in favor of the appellees at the conclusion of the appellant's evidence.

The appellant urges reversal upon the grounds that (1) he was not a party to a former action and thus is not bound by res adjudicata; and (2) in the absence of a satisfactory explanation it was negligence per se on the part of the driver when the truck left the highway.

The accident occurred on Highway 80 when the truck being driven by Miniard at a speed of between 30 and 35 miles per hour around a slight curve left the highway, went over an embankment of some 150 feet and hit a tree. Both Campbell and Miniard were injured.

Campbell alleged that Miniard did not use due care while driving around the curve and that this, together with a defective steering and control mechanism on the truck which caused it to shimmy and which McCoy either knew of, or in the exercise of ordinary care should have known of, caused the accident. It is of at least passing interest to note from the briefs that counsel representing Campbell in this action represented Miniard in his case, and that, apparently, Campbell and Miniard have frequently visited the office of this counsel together.

The only evidence relating to any negligence on the part of Miniard was Campbell's statement that he was driving 30 to 35 miles per hour and "* * * it was a little fast to be on a curve." There was no evidence indicating that Campbell cautioned Miniard about his driving on the day of the accident.

Miniard had been driving the truck, with Campbell as a passenger, over creek beds and generally rough territory for several weeks, but neither had noticed any defect in the truck's control mechanism prior to the shimmy on the curve which allegedly contributed to the accident. A former driver of the truck said on avowal that the truck had a shimmy one month to six weeks before the accident and that, although he had told McCoy of the defect, it had not been repaired when he ceased driving the truck. McCoy testified that he did not remember it if the former driver had told him of a defect in the truck. The trial court properly excluded the avowal because of the time element alone.

In response to the appellee's motion for a directed verdict the trial court said that the question of negligence or contributory negligence on the part of Ernest Miniard was determined in the prior case of Miniard v. McCoy, where the jury found that Miniard was not negligent, and that the question of his negligence in this case was res adjudicata. The trial court said also that Campbell had failed to show by any substantial or probative evidence that McCoy knew or in the exercise of ordinary care could have known of any possible defect in the steering gear or control mechanism of the truck at the time of the accident, and said that he had failed to prove or show any ground for recovery against either McCoy or Miniard.

The appellant argues that, since he was not a party to the former suit, the determination of no negligence on the part of Miniard in that case was not res adjudicata in this action. The doctrine that questions which are litigated or which might be litigated are res adjudicata does not apply to one who merely participates in a case as a witness. It concludes the rights of the parties to the action on such matters. Cornett v. Moore, 97 S.W. 380, 30 Ky.Law Rep. 280. See also 12 Ky.Digest, Judgment ▆▆▆ and cases therein cited.

The appellant contends further that when he showed the truck left the highway negligence per se attached on the part of the driver in the absence of a satisfactory

explanation. Typical of his numerous citations in support of this argument is the case of Conley's Adm'r v. Ward, Ky., 291 S.W.2d 568, wherein we said that the plaintiff made out a prima facie case of negligence by proving that a bus left the road. In that case the defendant took up the burden of going forward with the evidence to show why the bus left the road.

In this case the appellant himself testified that the truck shimmied on the curve and stated .(in his complaint) that this contributed to the accident. Having introduced the question of a defect in the truck, the burden was upon him to show that (1) the accident occurred because of McCoy's negligence in failing to discover and cure the defect; (2) the accident occurred solely because of Miniard's negligent driving; or (3) the accident occurred because of the defect and Miniard's negligent driving and also that McCoy was negligent in failing to discover and cure the defect.

█  The appellant introduced no evidence showing that Miniard was driving negligently other than his own opinion that 30 to 35 miles per hour was "a little fast to be on a curve." There was no evidence showing the curve to be a sharp or dangerous one where 30 to 35 miles per hour would indeed be "a little fast." There is no evidence showing that McCoy knew, or in the exercise of ordinary care could have known, of a defect in the truck at the time of the accident. Both Campbell and Miniard said they had noticed no defects in the several weeks they had used the truck. Miniard testified that there was nothing in the handling of the truck which led him to believe that it was defective, and if there had been he would not have driven it. It follows that the trial court properly instructed the jury to find for the appellees at the conclusion of the appellant's evidence.

Judgment affirmed.