Joseph M. MORRISON, Appellant,

v.

KENTUCKY BUS LINES, INC., Appellee.

Court of Appeals of Kentucky.

June 2, 1961.

Rehearing Denied May 25, 1962.

· Raymond C. Army, Louisville, for appellant.

A. J. Deindoerfer, William O. Guethlein, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellee.

MONTGOMERY, Judge.

Joseph M. Morrison sued Kentucky Bus Lines, Inc., to recover damages for injuries alleged to have been sustained while riding as a passenger on a bus. It is claimed that the driver "negligently operated" the bus so as to cause appellant "to be thrown and jerked" against a seat. The jury returned a verdict for the bus company. Morrison appeals and urges that: (1) The verdict is contrary to the law and the evidence, and (2) the court did not instruct the jury properly.

Appellant purchased a ticket for Louisville and boarded the bus at Clarkson. The bus was equipped with a row of double seats· on each side of a center aisle. All seats faced the front of the bus. All of the seats were occupied so appellant stood in the aisle about midway back in the bus some seven or eight seats behind the driver. He stood with his left hand holding to the overhead baggage rack and his right hand resting on the top of the seat at his right.

Between Clarkson and Elizabethtown on U.S. Highway 62, a two-lane highway, the bus traveling eastward met a line of cars traveling westward. A westbound vehicle traveling fast suddenly pulled out of the line of traffic into the eastbound traffic lane about two hundred feet from the oncoming bus. The bus driver testified: "I immediately hit the brake, to prevent a head-on accident, because there was no place for that car to go * * *." He estimated that the speed of the bus was slowed from forty-five or fifty miles to· twelve or fifteen miles per hour before the oncoming car cut back into its proper traffic lane when it was about thirty-five feet away. As soon as the car ·moved out of danger, the bus driver ceased to use. the brakes, shifted the gears, and accelerated the speed of the bus.

Appellant did not see what happened but said that the bus was "going a pretty good speed" and "When the bus come to almost a sudden stop it throwed me forward, and I was on my feet, and all at once it give another jerk and that throwed me over." Sam G. Mason and his wife testified for appellant. They did not see the oncoming car. Mason said that the bus slowed down from "the fifties" to "five or ten miles per hour" and started "with a lurch forward." His wife said: "The bus stopped very suddenly, and it started up with a jerk." She gave no estimate of the bus' speed except that it was "moving pretty fast" and "practically stopped dead still."

The bus driver denied that there was any sudden or abrupt movement forward of the bus but said there was a normal increase of speed. He described in detail the method of shifting the four forward gears as related to the various speeds attained and their control by a governor.

Three passengers on the bus corroborated the statements of the bus driver. One of the passengers said: "There was no alternative," and testified that the speed of the bus had to be decreased suddenly in order to avoid colliding with the oncoming car. They all said that the increase in speed was done in a normal manner.

Appellant complained shortly after the incident that he had been injured. He testified that his injury was occasioned by a sudden lurch from the quick acceleration of the bus rather than the deceleration. Appellant contends that the court should have instructed the jury on the duties of the bus driver as to lookout, speed, and control and on his "sudden lurch forward." The court gave instructions which prescribed as a standard "the utmost care exercised by careful, prudent bus operators."

Further discussion is pointless since no negligence is shown. The rule is stated in Southeastern Greyhound Lines v. Chumley, 312 Ky. 154, 226 S.W.2d 777, 779, thus:

"The law * * * is, generally, that to establish negligence prima facie, there must be proof that the movement or stopping of the vehicle was, as gauged by the ordinary operation of similar conveyances, unusual and unnecessarily sudden and of such degree of violence that the jury could conclude that it was caused by carelessness or negligence. * * * Ordinary jolts and jerks of a motor bus in starting and stopping are inevitable and among the usual incidents of travel."

A sudden movement of a bus though unusual does not amount to negligence when it results from an emergency confronting the operator not of his own making. Kopp v. Louisville Taxicab & Transfer Co., Ky., 257 S.W.2d 891. It is incumbent on the claimant to show affirmatively that the movement of the conveyance is unusual, unnecessary, and of such violence as to demonstrate that the operator is negligent. Lyons v. Southeastern Greyhound Lines, 282 Ky. 106, 137 S.W.2d 1107.

At most, appellant's evidence shows only a sudden stop and start occasioned by the emergency as shown by appellee's evidence. There is a complete lack of evidence that the stop and start were so unusual, so unnecessary, and of such violence as to constitute negligence on the part of the bus driver. In the absence of an affirmative showing of negligence on the part of appellee's driver, appellant was not prejudiced by the instructions given or refused.

Judgment affirmed.