C. D. MOORE, Appellant,

v.

**LEXINGTON TRANSIT CORPORATION et al., Appellees.**

Court of Appeals of Kentucky.

May 19, 1967.

Rehearing Denied Sept. 29, 1967.

Lasserre Bradley, James M. Todd, Lexington, for appellant.

Oscar Geralds, Jr., Moloney & Moloney, Lexington, for appellee, Lexington Transit Corp.

R. W. Keenon, C. Gibson Downing, Stoll, Keenon & Park, Lexington, for appellees, Maxine Becknell and Dewie Becknell.

CLAY, Commissioner.

In a traffic accident case plaintiff appellant appeals from a judgment of the Fayette Circuit Court, upon a directed verdict for the defendants Maxine Becknell and Dewie Becknell, and a verdict of a jury in favor of the defendant Lexington Transit Corporation.

Early in the morning, on December 16, 1963, plaintiff boarded a Lexington Transit Corporation bus as a paying passenger. He took a seat on the first perpendicular seat after the long parallel seat in the front of the bus, on the right. The bus headed north on South Limestone and an accident occurred near the point where South Limestone and Leader Avenue intersect.

At the place where the accident occurred South Limestone has two lanes for north bound traffic and a pull-over lane on the extreme right to expedite loading and unloading bus passengers. The bus driver was driving into this pull-over lane to pick up some passengers who were standing at the bus stop in front of Jefferson Davis School when he heard a commotion to his rear which made a sound like metals being rubbed together. The driver, at the same time, saw in his rearview mirror the open door of an automobile on his left. He immediately applied his brakes, causing the bus to come to a sudden stop. The plaintiff was

hurled forward and sustained personal injuries.

Within two and one-half or three feet in front of the car involved in this collision a crosswalk existed which was being used at the time by students on their way to the Jefferson Davis School.

It later developed that the eight-year-old son of defendants Becknell had opened the right front door of his father's automobile into the side of the bus. The Becknell boy was being taken to the Jefferson Davis School by his mother in the family car. The Becknell automobile had just been brought to a complete stop in response to a red light at the intersection when he opened the door. Mrs. Becknell revealed that previously on more than one occasion she had let her son out at this intersection, but she testified that at no time had he ever opened or attempted to open the door unless she had directed him to do so, and on this occasion the door was opened without her knowledge or consent.

At the conclusion of the evidence for the plaintiff, all defendants made a motion for a directed verdict. It was denied as to the Lexington Transit Corporation, but was sustained as to the Becknells on the ground that the eight-year-old child presumably could not be negligent and no negligence could be imputed to the parents. The trial proceeded as to the Lexington Transit Corporation and the jury returned a verdict in its favor.

With respect to defendant Lexington Transit Corporation, plaintiff contends the trial court erred in giving an "emergency" instruction and in refusing to give a "res ipsa loquitur" instruction.

 There can be no question that the bus driver was confronted with a sudden emergency without fault on his part. Something had unexpectedly collided with his bus and the possibility was imminent that continuing to move forward would cause injury to persons in his bus or the automobile. Under the circumstances he was not called upon to exercise the same ordered judgment which otherwise would be required. Lyons v. Southeastern Greyhound Lines, 282 Ky. 106, 137 S.W.2d 1107. It seems to us the immediate stopping of the bus was his only alternative. Under somewhat similar circumstances in Kopp v. Louisville Taxicab & Transfer Co., Ky., 257 S.W.2d 891, we held a directed verdict for the defendant proper. Certainly plaintiff cannot justifiably complain of submitting to the jury the question of whether the act of the bus driver which injured him was excusable because of the sudden emergency created by a third party.

 Plaintiff's contention that the court should have given a "res ipsa loquitur" instruction is without merit. That doctrine applies only when an inference of negligence initially arises from some unexplained occurrence which in the ordinary course of events would not normally take place without negligence. See Lewis v. Wolk, 312 Ky. 536, 228 S.W.2d 432, 16 A.L.R.2d 974; Conley's Adm'r v. Ward, Ky., 291 S.W.2d 568. Here the sequence of events portrayed precisely just how and why this accident occurred, and presented a clearcut issue as to whether the action taken by the bus driver constituted negligence. There was simply no place for an inference of negligence arising out of an unexplained occurrence, or any reason for an instruction on it. The trial court committed no error with respect to instructions involving defendant Lexington Transit Corporation, and to this extent the judgment must be affirmed.

 The final question is whether the trial court properly directed a verdict for defendants Becknell. The theory of the trial court was that an eight-year-old child "presumably cannot be guilty of negligence" and that the carelessness of the child cannot be imputed to the parents under the circumstances shown here. Attention is called to Williamson v. Garland, Ky., 402 S.W.2d 80, wherein we have repudiated the rule that a child over seven is presumably not guilty of

contributory negligence. The same reasoning would apply to a charge of initial negligence. However that may be, the claim of the plaintiff is not based upon *imputing* the child's negligence to the parent, but rather upon the parent's own negligence in failing to control the child when the failure to exercise due care has made it possible and probable that the child would injure another. See 67 C.J.S. Parent and Child, § 68, page 798. As stated another way in Restatement (2d Ed.), Torts 2d, section 316 (page 123):

> "A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent
>
> (a) knows or has reason to know that he has the ability to control his child, and
>
> (b) knows or should know of the necessity and opportunity for exercising such control."

There can be no question that the action of the child in opening the car door into the side of the bus was a proximate, if not the sole cause of the injury to the plaintiff. Also, it cannot be disputed that the child's mother had control of him. The issue here is whether a jury could fairly find that under the circumstances she was negligent in failing to anticipate the child might do what he did do, and in failing to take steps to prevent it.

■ Certain significant facts bear upon this question. At the place where the automobile was stopped it would have been dangerous *to the child* to attempt to leave the automobile because of possible traffic in the bus loading lane. On past occasions the mother had permitted the child to leave the car at this intersection to walk the rest of the way to school. While she testified that he had opened the car door at this point on prior occasions only at her direction, a careful parent might well have anticipated the child's doing exactly what he did do without specific direction. The presence of other children crossing the intersection on their way to the same school is a factor. We have consistently recognized the duties of motorists, who are complete strangers, to anticipate the propensities of children. See Liberty National Bank & Trust Co. v. Raines, Ky., 416 S.W. 2d 719, wherein many cases are cited. Certainly a parent should not be held to a lesser degree of care.

■ We believe a jury question was raised by the proven circumstances. The trial court improperly ruled as a matter of law that there was no negligence on the part of the mother and, therefore, it was error to direct a verdict for defendants Becknell. (The liability of the father, if any, is based upon the principle of agency arising out of a family mission.)

The judgment is affirmed as to appellee Lexington Transit Corporation, and reversed as to appellees Becknell, with directions to grant appellant a new trial consistent with this opinion.

All concur.