**John H. SPENCER, Administrator of the Estate of Dorothy Mae Spencer, Deceased, Appellant,**

v.

**CITY TAXI SERVICE, INC., Appellee.**

Court of Appeals of Kentucky.

March 28, 1969.

————◆————

Benjamin Mazin, Louisville, for appellant.

William Kiel, Louisville, for appellee.

CULLEN, Commissioner.

Dorothy Mae Spencer sued City Taxi Service, Inc., to recover damages for personal injuries she claimed to have sustained when a taxi in which she was riding on a street in Louisville stopped suddenly to avoid a child who ran into the street. At the close of the plaintiff's testimony the trial court directed a verdict for the defendant on the ground that the plaintiff's own testimony showed that the taxi was not operated negligently. Dorothy Mae has appealed from the judgment dismissing her complaint.

On direct examination Dorothy Mae testified that the cab was going 45 or 50 miles per hour when the child ran out in front of it; that she saw the speedometer. Excessive speed was the only negligence she sought to attribute to the cab driver.

On cross-examination Dorothy Mae was questioned in detail as to the distance in which the cab stopped after the child ran out in front of it, and her attention was directed to her testimony on that point given in a discovery deposition. She admitted the correctness of her testimony in the deposition that the cab was 10 to 15 feet from the child when the child ran into the street, and that the cab stopped in that distance without striking the child. As comparable, she in giving her deposition had indicated the distance from the chair in which she was seated to an air conditioner, which was estimated then as being from 10 to 15 feet.

While Dorothy Mae cannot be held strictly to the estimate of distance she made under fleeting circumstances of an

accident, surely the estimate must be considered as indicative of the general range of the distance, particularly when she in pointing out a comparable distance selected one very close to her estimate. Perhaps she underestimated the distance by 300 percent, and the distance really was 60 feet, but, the cab having stopped in that distance, the indication even then would be of a speed of only 20 miles per hour. In order to have support for Dorothy Mae's statement that the cab was going 45 or 50 miles per hour, the distance at which the child appeared, and in which the cab stopped, would have to have been at least 200 feet. It cannot be accepted that Dorothy Mae made a 1400 percent error in her estimate.

Since any stopping distance within the general range of Dorothy Mae's estimate would indicate a speed of not more than 20 miles per hour, we are of the opinion, as was the trial court, that Dorothy Mae's testimony of excessive speed simply is not credible. As said in Ingram v. Galliher, Ky., 309 S.W.2d 763, @ 765:

"Where a witness on cross-examination gives clear and unequivocal testimony that is inconsistent and contradictory of what he testified to on direct examination the force of the first statement may be destroyed. * * *"

Furthermore, though the point is not argued, Dorothy Mae's testimony in the discovery deposition might well be treated as a judicial admission. See Bell v. Harmon, Ky., 284 S.W.2d 812; Wandling v. Wandling, Ky., 357 S.W.2d 857.

The sudden stopping of the cab in the emergency was not a basis for liability in the absence of a showing that some negligence of the driver contributed to the emergency. See Kopp v. Louisville Taxicab & Transfer Co., Ky., 257 S.W.2d 891; Morrison v. Kentucky Bus Lines, Inc., Ky., 356 S.W.2d 757.

The judgment is affirmed.

All concur.