## Schechter v. Hann.

November 7, 1947.

William H. Field, Judge.

R. P. Hobson and Woodward, Dawson, Hobson & Fulton for appellant.

Lawrence S. Grauman for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, Olga Hann, suffered serious and permanent injuries in an automobile accident on November 15, 1945. She was riding southwardly on Fourth Street in Louisville in an automobile owned and operated by appellant, Elias Schechter, when the accident happened. The automobile left the traveled portion of the street and struck a utility pole of the Louisville Railway Company, which stood about six inches from the curb. According to two policemen who arrived at the scene shortly after the accident, the pole was shattered and broken off about six feet above the ground. The front end of the automobile was badly damaged; the right front headlight, the radiator, the fenders, and the bumper were pushed back. C. O. Seaton, superintendent of power distribution of the Louisville Railway Company, testified that the broken pole was a western cedar pole thirty-five feet long, twelve or fifteen inches in diameter at the butt, and was set in the ground six feet. Mrs. Hann instituted this suit against Schechter to recover for her injuries, and on the trial the jury returned a verdict for her for $4,000. Appellant argues that the judgment should be reversed because (1) he was entitled to a di-

rected verdict in his favor at the conclusion of all the evidence; and (2) Instruction No. 1 is erroneous.

Appellee owned a building at the intersection of Fourth and K Streets, in Louisville which was in need of repairs, and she asked appellant, a building contractor, to inspect the building for the purpose of making an estimate of the cost of the repairs. He was busily engaged at the time, but promised to call for her at her home on the following Sunday and drive her to the property at Fourth and K Streets. On Sunday, November 15, 1945, he called for appellee at her home on Gray Street, drove to the Post Office at Sixth and Broadway, then to Linker's Bakery at Twelfth and Market where he bought a loaf of bread, and then out Oak Street to Fourth Street and out Fourth Street to the point of the accident. Appellee testified that appellant drove very fast, and that she protested twice and asked him to slow down, once before they reached Fourth Street and once on Fourth Street just before they reached the point of the accident. Appellant denied this, and testified that he was driving at a speed of fifteen miles an hour when the automobile left the street and struck the pole. He also denied that the pole was shattered or broken, and said there was only a dent in it two inches deep caused by the bumper on his car. After the accident it was found that the front spring on the car was broken, but none of the mechanics who testified was able to say whether it was broken before or at the time of the collision. It was appellant's theory that the spring broke just before the accident, causing the steering wheel to lock, and not when the car struck the pole. He testified that he heard a click and the car turned to the right and struck the pole although he attempted to turn it to the left. The car was a 1935 Ford, which was a used car when he purchased it in 1939. He stated that during the six years he had owned it he had had it inspected regularly by competent mechanics every three or four weeks, and there was nothing to indicate a defect in the car prior to the time he heard the click. There was proof that when the front spring of a car breaks the frame drops down on the steel tie rods causing the driver to lose control.

It is insisted by appellant that there is no evidence of negligence on his part, and there is no room for the

application of the res ipsa loquitur doctrine because although the instrumentality which caused the accident and appellee's injury was under his control, yet it was conclusively shown that the accident was brought about by the breaking of the front spring on the car and was not due to his negligence. The res ipsa loquitur doctrine, as stated in San Juan Light & Transit Co. v. Requena, 224 U. S. 89, 32 S. Ct. 399, 401, 56 L. Ed. 680, is:

"* * * when a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things, does not occur if the one having such control uses proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from the defendant's want of care."

When the facts bring a case within the doctrine, a presumption of negligence arises and the burden of proof is on the defendant to rebut the presumption. Here, the appellant sought to explain the accident and to show that he was free from negligence by stating that he heard a click and that the automobile immediately turned to the right and struck the pole though he attempted to turn it to the left. Because it was found after the accident that the front spring was broken, he assumed that it broke before the accident and locked the steering apparatus without fault on his part. Appellant was an interested party and the only witness who testified that the spring broke before the accident. The jury was not compelled to accept his statement of facts or his theory as to how the accident happened, and it follows that the court did not err in overruling his motion for a directed verdict. Bullock v. Gay, Adm'r, 296 Ky. 489, 177 S. W. 2d 883.

Instruction No. 1 of which appellant complains reads as follows:

"You will find for the plaintiff, Mrs. Hann unless you believe from the evidence that the spring on Schechter's car broke and that because of that breaking he lost control of the car and it collided with the post, in which event you should find for the defendant, Schechter."

This instruction presented appellant's sole defense,

but he insists it was erroneous because it told the jury as a matter of law the plaintiff was entitled to recover unless the jury found from the evidence that the spring on the defendant's car broke and because of its breaking he lost control of the car and it collided with the pole. Since the burden of proof rested on the defendant to show that the accident happened without his fault, the instruction properly presented the law. It presented to the jury the sole explanation offered by the defendant to exonerate himself from liability, and told them to find for him if they believed the accident happened in the manner described by him. The doctrine of res ipsa loquitur gives rise to a presumption of law, and in the absence of evidence by the defendant it is the duty of the trial judge to direct a verdict for the plaintiff. Reibert v. Thompson, 302 Ky. 688, 194 S. W. 2d 974; Alford v. Beaird, 301 Ky. 512, 192 S. W. 2d 180; Robinson v. Higgins, 295 Ky. 446, 174 S. W. 2d 687; Ralston v. Dossey, 289 Ky. 40, 157 S. W. 2d 739. Here, the appellee was without fault. She was injured by an instrumentality under the exclusive control of appellant. Among the duties imposed upon him were to drive at a speed not excessive under the circumstances, to keep the car under reasonable control, and to maintain a lookout. In the ordinary or usual course of things, the accident causing appellee's injuries would not have occurred if these duties had been performed. Appellant sought to explain the accident and exculpate himself from negligence by showing that an intervening agency, the breaking of the front spring, over which he had no control and which was not due to his negligence, caused appellee's injuries. Unless he was able to establish to the jury's satisfaction that there was such an intervening agency, the presumption of negligence remained and controlled. It follows that the instruction complained of by appellant was correct.

The judgment is affirmed.