### Lewis v. Wolk.

March 3, 1950.

Rehearing denied April 25, 1950.

W. B. Ardery, Judge.

Ardery & Hobson for appellant.

William A. Young, and J. Marshall McCann for appellee.

CLAY, COMMISSIONER—Reversing.

While walking on the sidewalk near his home one morning in Frankfort, appellant was struck by an automobile which appellee owned. In the former's suit for damages, a verdict was directed for the latter. The propriety of such action by the trial Court is the only question we deem it necessary to consider on this appeal.

Appellant lived on Marshall Court, a one block street with a steep grade. Some 150 feet above his home, on the opposite side of the street, appellee parked his automobile, headed downhill, about one-half hour prior

to the accident. Appellant, with his back in that direction, suddenly heard the movement of the car. Before he was able to get out of its way, it rolled up on the sidewalk, struck him, and continued its runaway course down the hill. No one was in it at the time. Only one witness saw the vehicle leave the curb where it was parked. She stated: "It left the sidewalk just like somebody was driving it," although she was unable to see whether or not there was a person in the driver's seat.

Appellee testified that when he parked the car, he "stopped, turned the wheels into the curb, applied the emergency brake, and got out of the car."

Two mechanics testified that the emergency brake on the automobile was in good condition and if the brake had been properly applied, "it would hold." The testimony of appellee, corroborated by a person who accompanied him when he parked the car, and that of the two mechanics is not directly contradicted by other testimony. There was other evidence of more or less materiality, but what we have set out above squarely presents the issue of whether or not the Court should have taken the case from the jury.

KRS 189.430(3) provides as follows: "No person operating or in charge of a motor vehicle shall * * * allow it to stand upon any perceptible grade without effectively setting the brake and turning the front wheels to the curb or side of the highway."

While this duty in substance would perhaps exist in the absence of statute, we think it emphasizes appellee's obligation when he parked his automobile on the steep incline above appellant's home. It is to be noted, with respect to the setting of the brake, that the mere performance of this act does not constitute compliance with the statute, unless it is "effectively" done, to make certain the vehicle will remain immobile.

It is difficult to imagine a factual situation whose pattern more readily calls for the application of the well known *res ipsa loquitur* doctrine. The classic definition of the principle, which has been universally accepted, is found in the famous case of Scott v. The London and St. Katherine Docks Company, 3 H. & C. 596, 13 W. R. 410, 11 Jur. (N. S.) 204, 34 L. J. Exch. 220, 13

L. T. 148, 159 Eng. Rep. 665 (1865). It is this: "* * * where the thing is shewn to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care."

There are three essential elements: (1) the instrumentality must be under the control or management of the defendant, (2) the circumstances, according to common knowledge and experience, must create a clear inference that the accident would not have happened if the defendant had not been negligent, and (3) the plaintiff's injury must have resulted from the accident. It cannot be seriously contended that these three factors are not present in this case. The instrumentality was appellee's automobile. He was the last known human agency to exercise control of it. It had no independent animation. If proper care had been exercised in securing it, we know in the normal course of events it would not have moved down the street. Its runaway flight caused appellant's injury.

An admirable analysis of the doctrine and its legal effect may be found in the volume, Res Ipsa Loquitur, Presumptions and Burden of Proof, by Mark Shain (1945). The author reaches this conclusion, page 10 (author's italics): "* * * the doctrine of *res ipsa loquitur* is a rule of substantive law which compels the court to take judicial notice that the defendant has been negligent, that the plaintiff has established a complete case in his own favor, that the defendant must prove affirmatively, by a preponderance of the evidence, that the defendant was *not negligent,* and that the jury has just one duty to perform, i. e., to find whether or not the defendant *has proved that he was not negligent."*

Whether we consider the doctrine a matter of substantive law or a rule of evidence, it is clear a powerful presumption or inference of negligence is created in the plaintiff's favor. There can be no question of his right to a directed verdict in the event the defendant fails to introduce proof rebutting the presumption or destroying the inference. Ralston v. Dossey, 289 Ky. 40, 157

S. W. 2d 739, and Reibert v. Thompson, 302 Ky. 688, 194 S. W. 2d 974.

The question before us, however, goes much deeper, and requires us to examine the *continuing force* of the presumption or inference. Specifically, what happens to the plaintiff's case when the defendant produces substantial evidence that he did not commit any negligent act? The lower Court took the view that when this situation develops, the plaintiff's suit is demolished and there is no longer an issue of negligence for the jury to decide. We cannot agree.

A brief review of cases decided by this Court will demonstrate that we have accepted the full implications of the rule last above quoted. An early leading case in Kentucky on this question is Paducah Traction Co. v. Baker, 130 Ky. 360, 113 S. W. 449, 18 L. R. A., N. S., 1185. There the plaintiff was injured when she was suddenly thrown from a streetcar. In deciding the case should be submitted to the jury, even though the plaintiff introduced proof of non-negligence, the Court stated, 130 Ky. at page 372, 113 S. W. at page 453: "Nor is the fact that the defendant, in cases of this character, may introduce direct evidence conducing to establish that there was no negligence in the operation of the car, or defect in the appliances or fixtures, sufficient to warrant the court in taking the case from the jury, as the jury might infer, notwithstanding this evidence, that there was negligence on the part of the carrier."

In New St. L. & Calhoun Packet Corporation v. Pennsylvania R. Co., 302 Ky. 693, 194 S. W. 2d 977, the defendant presented convincing evidence that it was not negligent in the maintenance of a railroad bridge. We held the case should have been submitted to the jury in spite of the defendant's proof. It was pointed out on page 702 that where the inference of negligence arises (our italics): "*** it becomes incumbent on defendant to *explain away, clear up and exonerate itself* of the imputation or inference of negligence which arose and existed at the moment the injury was shown, * * *."

In certain cases we have stated that the defendant may only overcome the presumption if he shows that the accident is attributable to *some other cause or causes* over which he had no control. Louisville Baseball

Club v. Hill, 291 Ky. 333, 164 S. W. 2d 398, and Alford v. Beaird et al., 301 Ky. 512, 192 S. W. 2d 180.

In the recent case of Schechter v. Hann, 305 Ky. 794, 205 S. W. 2d 690, we have gone so far as to say that it is still a jury question even when the defendant introduces proof of an intervening cause. In that case, where defendant's automobile left the traveled portion of the street and struck a utility pole, the defendant attempted to explain the accident as caused by the breaking of a front spring. We held that unless he was able to satisfy the jury that such intervening event caused the accident, the presumption of negligence in plaintiff's favor "remained and controlled." The opinion states, 305 Ky. at page 797, 205 S. W. 2d at page 693: "The jury was not compelled to accept his (defendant's) statement of facts or his theory as to how the accident happened; and it follows that the court did not err in overruling his motion for a directed verdict."

We believe the above cases manifest a consistency of view that the presumption or inference of negligence is not destroyed by defendant's evidence tending to show the contrary. See "The Res Ipsa Loquitur Doctrine in Kentucky," 37 Kentucky Law Journal, 327. This conclusion is inescapable when we consider the very basis of the doctrine. Because the defendant had control of the instrumentality and the accident would not ordinarily have happened without negligence, the very thing itself is positive proof of the defendant's fault. If by denial he may escape a jury determination that the probabilities speak louder than his testimony, the doctrine loses its fundamental force.

It is true there are exceptional cases where the defendant's evidence so clearly establishes the absence of negligence that a directed verdict in his favor may be proper. This rule is applicable when it is shown that an efficient, independent, intervening cause initiated the chain of events.

Such a case is Black Mountain Corporation v. Partin's Administrator, 243 Ky. 791, 49 S. W. 2d 1014, which apparently influenced the trial Court to direct a verdict for appellee in the instant case. Plaintiff's decedent was killed when struck by a mine car in defendant's mine. The accident was not caused by the operation of

the train of cars but by the breaking of a coupling link. The defendant's proof showed proper inspection, a fresh break, and the absence of a faulty condition. The decision was that since the defendant had positively proved an effective intervening cause, i. e., the broken link, and had clearly shown that it was not responsible for this accidental development, the defendant had *completely overcome* the presumption in the plaintiff's favor.

The facts in the case before us show a quite different situation. Appellee is called upon to explain what if anything, except his negligence in parking the automobile, caused it to leave the curb and strike appellant. What is his explanation? It is simply: "I stopped the car, set the brakes and turned the wheels to the curb." This may not, however, satisfactorily answer the question posed by the presumption. It again asks, "Will you *explain* how the vehicle managed to leave the curb and strike appellant if you had so parked the car that it would not do so? You have said you were not negligent, but have you conclusively accounted for the accident as the result of some *other* cause?"

We do not say as a matter of law the defendant was actually negligent. On the other hand, it is obvious appellee has not unanswerably explained or demonstrated what else could have caused it. The physical circumstances will not permit us to say the thing did not happen. Certainly the jury is authorized to balance the accepted probability against the defendant's denial.

The conclusion we have reached is fortified by the decisions from several other jurisdictions, on almost identical facts, which are collected in 66 A. L. R. 439. See particularly Elliott v. Seattle Chain & Mfg. Co., 141 Wash. 157, 251 P. 117, and Williams v. Larkin, 166 Miss. 837, 147 So. 337.

In our opinion appellant established a clear case for the application of the res ipsa loquitur doctrine, and in the absence of such proof as would conclusively rebut the presumption raised, the trial Court erroneously directed a verdict for the defendant.

The judgment is reversed, with directions to grant appellant a new trial and for proceedings consistent herewith.