**COX et al.   v.   WILSON et al.**

Court of Appeals of Kentucky.

March 26, 1954.

Rehearing Denied May 7, 1954.

Gardner & Rose, West Liberty, for appellants.

Clay & Edwards, Mt. Sterling, for appellees.

MOREMEN, Justice.

The appellants, Charlotte Cox, Ella Gay Vest, Betty Anne Vest and Phyllis Motley, who sued by their next friends, instituted separate actions seeking damages for injuries received when the bus in which they were riding left the road and was wrecked. The appellees, Rollie Wilson and William Heagen, who owned the bus, were defendants in the several actions and, by agreement, the cases were consolidated for purposes of trial. The trial resulted in a directed verdict for the appellee bus owners.

On October 12, 1951, thirty-one pupils and three employees of the Ezel School, a private school affiliated with the Presbyterian Church, were riding in the bus owned by appellees and operated by their agent, Courtney Centers. The appellees had a contract with the Ezel School under which they furnished transportation to children to and from school as well as on other special occasions. At this time the children were on a field trip and had visited the site of the Battle of Blue Licks. Upon the re-

turn trip, while descending a grade in a straight section of the road, a tire blew out. The driver applied the brakes but when "the wheel cut out," he released the pressure. The bus stayed on the surface portion of the road for a distance of approximately 75 feet, then it swerved to the right onto the shoulder of the road and ended up on a sand bar of a small creek near the road. The bus did not overturn.

The trial court directed a verdict on the ground that no negligence on the part of appellees had been established. Appellants insist that the case should have been submitted to the jury because the facts satisfy all requirements of the doctrine of res ipsa loquitur and appellees failed to prove that they were not negligent.

█ In situations such as the one presented here, the trial court is presented with the problem of whether the circumstances are typical for the application of the doctrine of res ipsa loquitur. The requirements, in general, are:

(1) The defendant must have had full management and control of the instrumentality which caused the injury.

(2) The circumstances must be such that, according to common knowledge and the experience of mankind, the accident could not have happened if those having control and management had not been negligent.

(3) The plaintiff's injury must have resulted from the accident. Shain on Res Ipsa Loquitur, page 281.

The first and the final items are readily satisfied by the facts of this case; only the second element requires discussion.

█ The fact that some mystery accompanies an accident does not justify the application of the doctrine of res ipsa loquitur. The fact that we cannot pinpoint an act of omission or commission wherein one fails to respect the rights of others does not summon its use. A lack of knowledge as to the cause of the accident does not call for the application of the doctrine.

The separate circumstances of each case must be considered and from them it must be first decided whether according to common knowledge and experience of mankind, this accident could not have happened if there had not been negligence.

█ The primary responsibility for this decision rests upon the court because it is the court's duty judicially to notice whether as a matter of common experience the accident could not have happened without dereliction in duty on the part of the person charged with the management and operation of the thing. Kapros v. Pierce Oil Corp., 324 Mo. 992, 25 S.W.2d 777, 78 A.L.R. 722. In other words, the doctrine of res ipsa loquitur does not involve the establishment of the ultimate fact by circumstantial evidence or of presumed negligence merely because of injury. So, the first step in connection with its use is to classify the type of accident and decide whether it is of that class containing only those accidents which would not in the ordinary course of things occur without negligence.

Perhaps here the facts of this case should be amplified. We have said that while the bus was descending a hill on a straight section of the road a tire blew out. Before the bus embarked on the trip, the tires had been inspected by at least three competent men who found them to be in good condition. The tire which ruptured had been driven about 12,000 miles and it was shown that the life expectancy of such a tire is about 25,000 miles. The road was paved and there was no showing that it was rough or uneven. There was a difference of opinion as to the exact speed of the vehicle immediately before the accident, but it seems to us that the testimony of the several witnesses who were seated near the driver and had read the speedometer about the time of the accident is conclusive on this point. The other witnesses gave opinion evidence. These witnesses were aided by an instrument of measurement, and fixed the rate of speed at approximately 40 miles per hour. There was no dispute concerning

the beginning of the trouble; all persons agreed that it was at the point where the tire blew out.

■ This is the question: Under these circumstances, should the court judicially take notice that this accident could not have happened but for the negligence of appellees?

We think the answer should be negative because such a tire under such conditions might well have ruptured without negligence on the part of anyone connected with the suit. In Otto v. Sellnow, 233 Minn. 215, 46 N.W.2d 641, 645, 24 A.L.R.2d 152, the court, in discussing a problem similar to ours, said:

"We are of the opinion that the record fails to sustain the verdict of negligence on the part of defendant and that it fails to show any breach of duty by defendant because of the blowout of the tire. In this case, it does appear that a day or two before the accident defendant did have his car checked at an oil station and also had the tires checked for air. It further appears that the tires had been used for only 3,000 or 4,000 miles and that even after the blowout a mechanic who towed the car to a garage testified that while the tire involved showed a little evidence of wear it seemed to be in good condition from outward appearances", and concluded:

"Unfortunate as this accident was for all parties concerned, we are compelled to the conclusion that the sudden blowout of the rear left tire was an intervening and efficient cause of the accident which appears to have been unavoidable under the circumstances."

See also Byerly v. Thorpe, 221 Wis. 28, 265 N.W. 76, and Eubanks v. Kielsmeier, 171 Wash. 484, 18 P.2d 48.

As we view this case, we believe that its characteristics are not those of a true res ipsa loquitur case, because it cannot accurately be said that ordinarily under similar conditions a tire will not blow out without negligence on the part of the operator of the car.

In Frank Fehr Brewing Co. v. Corley, 265 Ky. 308, 96 S.W.2d 860, 865, it was stated:

"The doctrine is only to be applied when the nature of the accident itself not only clearly supports the inference of negligence, but excludes all others, or such as might have been due to one of several causes, of or for which the defendant is not responsible."

■ The circuit court properly directed a verdict for appellees on this ground alone. In any event, the appellees satisfactorily met their burden to go forward and to explain that the accident did not result from any negligence on their part. Thompson v. Kost, 298 Ky. 32, 181 S.W.2d 445.

Judgment affirmed.