COMMONWEALTH of Kentucky, Department of Highways, Appellant,

v.

RAGLAND POTTER COMPANY, Appellee.

Court of Appeals of Kentucky.

Oct. 11, 1957.

Jo M. Ferguson, Atty. Gen., C. J. Waddill, Asst. Atty. Gen., Hafford E. Hay, Asst. Atty. Gen., for appellant.

Harlan E. Judd, Burkesville, Ky., Boehl, Stopher, Kilgarriff, Graves & Deindoerfer, Louisville, Ky., James M. Graves, John G. Hicks, Louisville, Ky., for appellee.

SIMS, Judge.

In this opinion appellant will be referred to as plaintiff and appellee as defendant. Plaintiff sued to recover $11,084.39 damages done one of its bridges by the alleged negligent operation of a truck owned by defendant. The answer was a general denial of the material averments of the complaint, followed by a plea of contributory negligence. The jury found for defendant and in seeking to reverse the judgment, plaintiff insists the court erred: 1. in overruling its motion for judgment notwithstanding the verdict; 2. in admitting incompetent evidence prejudicial to plaintiff.

The record shows the bridge is known as the Leslie Bridge and spans Marrowbone Creek on highway 691 and is approximately 270 feet long, 12 feet wide and constructed in three spans. It was some 45 years old and was taken over from Cumberland County by plaintiff in 1939 and has been maintained by it as part of its highway system since that date.

S. H. Brown, a witness for defendant, testified the bridge "was rusty, shacklety and worn out." O. A. Beck, maintenance foreman for plaintiff, in testifying for his employer said it was not a good bridge and he had recommended its replacement before the accident.

It was a steel structure with a wooden floor and had a rated capacity in 1939 of 5 tons. However, the truss beam was estimated as good for 8 or 9 tons. About 100 feet from each end of the bridge was a sign, 20 inches square, reading: "Bridge unsafe for more than 5 tons."

Defendant's driver, J. R. Wyatt, testified that around 10:30 A.M., on April 9, 1954, he slowly drove the company's truck, weighing some 8 tons and carrying a 2-ton load of groceries, onto the bridge from the Leslie side and the structure immediately gave way and it and the truck fell into the creek. He and his helper riding in the cab with him both testified no part of the bridge was struck by the truck as it entered the bridge.

However, T. J. Hopgood, bridge maintenance engineer for plaintiff, testified that when he examined the bridge after the span had fallen and the truck had been removed from the creek, he saw indications where the truck had hit the "batter post." Mr. Hopgood further testified that as the truck fell on the same side as the broken batter post and as the span of the bridge fell as the truck entered the bridge rather than when the truck was in the center, where the maximum stress would be, these facts indicated that the truck struck the bridge.

At the conclusion of plaintiff's evidence defendant moved for a directed

verdict, setting out its reasons therefor as required by CR 50.01. This motion was overruled. Then plaintiff moved for a directed verdict but did not state its grounds. Likewise, its motion was overruled. At the conclusion of all the evidence both parties renewed their motions for directed verdicts and again plaintiff failed to state the grounds relied on for its motion. After the verdict was returned for defendant, plaintiff moved under CR 50.02 for judgment notwithstanding the verdict. Such motion is wholly dependent and is based upon the erroneous overruling of a motion for a directed verdict made at the conclusion of all the evidence. When plaintiff failed to state its grounds for its motion for a directed verdict, in legal effect it made no such motion, hence the trial court correctly overruled plaintiff's motion for judgment notwithstanding the verdict. Clay CR, page 449 Author's Comment 2; Whitesides v. Reed, Ky., 306 S.W.2d 249, and authorities therein cited.

■ However, plaintiff was not entitled to a directed verdict had its motion stated the grounds relied upon for same as required by CR 50.01. There is a direct conflict in the testimony as to whether the truck struck the bridge and the court correctly instructed the jury that if they believed from the evidence the bridge was damaged through defendant's negligence in the operation of its truck they should return a verdict for plaintiff in a sum not exceeding $11,084.39, the amount plaintiff's witnesses showed it cost to replace the bridge. Plaintiff does not argue the instructions are erroneous or prejudicial but rests its whole case on the ground it was entitled to a directed verdict, and that the evidence of the use of the bridge by its employees and others customarily hauling loads of some 10 tons over it was incompetent. Plaintiff also argues that the res ipsa loquitur doctrine entitled it to a directed verdict.

■■ The testimony that plaintiff's employees and its contract stone haulers customarily used this bridge in transporting 10-ton loads was competent to show the use plaintiff and others were making of the bridge was the same use defendant was making of it and was calculated to wear out the bridge. On the day of the accident and just a few hours previous thereto defendant's truck had gone over the bridge with a heavier load than it had when the bridge collapsed. There is nothing in the evidence to show that the excess weight of defendant's truck caused the bridge to collapse. The evidence is conflicting as to whether the truck struck the bridge, and the jury in finding for defendant decided that it did not. If the truck did not strike the bridge and cause the span to fall, then whether the excess weight of the truck caused it to fall or whether it fell because of its age and worn-out condition, would be merely speculative. Really, that part of the instruction was erroneous which submitted to the jury whether the excess weight of the truck caused the bridge to collapse, since there was no evidence on this point. However, this erroneous part of the instruction favored plaintiff and it is in no position to complain.

■ There is no merit in plaintiff's argument that the res ipsa loquitur rule applies and casts the burden upon defendant to show that its negligence did not cause the bridge to collapse. For the res ipsa rule to apply the instrument must be under the management of defendant and the circumstances according to common knowledge and experience must create a clear inference that the accident would not have occurred without defendant's negligence. Lewis v. Wolk, 312 Ky. 536, 228 S.W.2d 432, 16 A.L.R.2d 974. True, the truck was under defendant's control, but it is far from common knowledge that the bridge would not have crashed except for defendant driving its truck weighing some 8 tons onto the structure. Of course, defendant had no control over the bridge.

Plaintiff further argues that as KRS 189.230(1) permits it to post notices of the load limit a bridge can carry and as 189.230(2) provides that no one shall operate a motor vehicle weighing over the posted limit on any bridge, defendant was negligent per se in driving its 8-ton truck onto this bridge, since its driver saw the notices. True, the violation of a statute is negligence per se if such violation causes or contributes to the accident. Greathouse v. Mitchell, Ky., 249 S.W.2d 738; Jewell v. Dell, Ky., 284 S.W.2d 92. But here there is no evidence that the excess weight of defendant's truck caused or contributed to the collapse of the bridge, therefore its violation of the statute just mentioned did not constitute negligence per se upon its part. The authority relied on by plaintiff, Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S.W.2d 564, is in full accord with this principle.

The judgment is affirmed.