**BITUMINOUS CASUALTY CORPORA-
TION, Inc., Appellant,**

**v.**

**Belknap CHENAULT, Appellee.**

Court of Appeals of Kentucky.

Oct. 25, 1957.

Rehearing Denied Jan. 17, 1958.

**Lyman D. KNOP and Jeanette Atcher,
Appellants,**

**v.**

**Fred ATCHER, Appellee.**

Court of Appeals of Kentucky.

Nov. 1, 1957.

Rehearing Denied Jan. 17, 1958.

Redwine & Redwine, M. C. Redwine, Jr., M. C. Redwine, Winchester, for appellant.

Rodney J. Thompson, Winchester, for appellee.

Hatcher & Lewis, Elizabethtown, for appellants.

L. A. Faurest, Jr., Elizabethtown, for appellee.

CLAY, Commissioner.

In this suit for personal injuries arising out of an automobile accident, brought by the plaintiff appellants, the jury found for the defendant. Plaintiffs contend they were entitled to a directed verdict; that the instructions were erroneous; and that the trial court excluded competent evidence.

Plaintiffs were guests in defendant's automobile. Defendant was towing a racing car owned by him. While proceeding at a reasonable rate of speed, the right front tire on the racing car blew out. Upon hearing the noise, the defendant suddenly applied his brakes, locked his wheels and lost control of the automobile he was driving. He ran off the road and the plaintiffs were injured.

Plaintiffs contend that since the sudden application of the brakes and not the blowout was the cause of the accident, the res ipsa loquitur doctrine applies and they were entitled to a directed verdict, citing Ralston v. Dossey, 289 Ky. 40, 157 S.W.2d 739. Therein we held that in the absence of a showing of the intervention of some outside agency, where it is apparent the accident could not have happened except for the negligence of the defendant, a verdict should be directed for the plaintiff. This is a sound principle, but is not applicable here.

The doctrine of res ipsa loquitur is invoked under special circumstances to raise a *presumption of negligence* where the *unexplained* initiating cause of an accident, as a matter of common experience, is obviously attributable to defendant's negligence. See Lewis v. Wolk, 312 Ky. 536, 228 S.W.2d 432, 16 A.L.R.2d 974; Cox v. Wilson, Ky., 267 S.W.2d 83, 44 A.L.R.2d 830. Even when the doctrine is applicable, the plaintiff is not entitled to a directed verdict if the defendant has a reasonable explanation of the cause of the accident. Schechter v. Hann, 305 Ky. 794, 205 S.W.2d 690.

In the present case the principle of res ipsa loquitur plays no part in the controversy. All of the facts with respect to the cause of this accident were established by the evidence and are not in dispute. Plaintiffs' claim is based on an inference of negligence arising from defendant's act in suddenly applying the brakes and losing control of his automobile. Defendant's defense is that his act was not negligent because occasioned by the blowout on the racing car.

The sole issue is whether or not, under the circumstances shown, the manner in which defendant operated his automobile after the blowout constituted negligence. It is clearly a question of fact for the jury to determine, and consequently plaintiffs were not entitled to a directed verdict.

This brings us to the instructions. Instruction 1 directed the jury to find for the plaintiffs, unless they believed that the accident was caused "by reason of a tire blowout on the automobile defendant was towing and without negligence on the part of the defendant contributing to the accident". Although the blowing out of the tire did not in itself physically interfere with the operation of the vehicles, this instruction broadly identified the issue. It was followed, however, by instruction 2 which constituted a directed verdict for the defendant.

The second instruction in substance advised the jury that if the defendant heard a loud noise and in the exercise of ordinary care thought there was some damage to one of the vehicles, he had a right to operate his automobile as a reasonably prudent man, "*and the fact that he may have adopted the wrong course is not negligence*". (Our emphasis.)

The question in this case is whether or not what was unquestionably a "wrong course" taken by the defendant constituted negligence. Apparently the trial court meant to instruct that under special circumstances a reasonably prudent man may justifiably pursue what turns out to be a wrong course, but when he advised that the "wrong course" is *not negligence*, he settled right then and there the only issue the jury had to decide. We believe

this instruction authorized the jury to return a verdict for the defendant even though they believed he was at fault.

We repeat that the only question to be resolved by the jury is whether the defendant under the circumstances (which included having in tow a free-running vehicle) acted as a reasonably prudent person in the operation of his automobile after the blowout. Upon another trial if the evidence is substantially the same, a single instruction in the form of instruction 1, incorporating this issue, should be given.

We find no error in the rulings of the trial court on two specific questions to which objections were sustained.

The judgment is reversed with directions to grant the plaintiffs a new trial and for proceedings consistent with this opinion.