**Bobby SHEPHERD, Appellant,**

**v.**

**Sylvania MARCUM et al., Appellees.**

Court of Appeals of Kentucky.

April 22, 1960.

Murray L. Brown, Roy E. Tooms, Jr., London, for appellant.

A. E. Cornett, Hyden, John M. Lyttle, Manchester, for appellee.

MILLIKEN, Judge.

The key question here is whether the fact that appellant's motor vehicle left the highway, taken alone, is sufficient to support a verdict against him after his explanation that he was forced off the highway by a passing car.

On the night of February 22, 1957, Bobby Shepherd, appellant, defendant below, while operating a truck owned by him, ran into a building owned by Sylvania Marcum, appellee, plaintiff below, and in which William Marcum, appellee, son of Mrs. Marcum, had stored business fixtures and merchandise. Suit was brought by the plaintiffs against Bobby Shepherd and his brother on the ground that Bobby Shepherd had negligently operated the truck owned by Bill Shepherd thereby causing it to run into the building, destroying it, and the merchandise and fixtures in it. Upon trial it was shown that Bobby Shepherd owned and operated the truck at the time of the accident, so the trial court directed a verdict in favor of Bill Shepherd from which there was no appeal. The jury returned a verdict in favor of Sylvania Marcum in the amount of $2,500 and in favor of William Marcum in the amount of $500. The appellant moved for a directed verdict, and for judgment notwithstanding the verdict

on the basis that no actionable negligence on the part of appellant was proved. Both motions were overruled by the court below, and such rulings are the basis for this appeal.

The evidence adduced at the trial showed that the building was located on the north side of Kentucky Highway 80, also known as U. S. Highway 421, in Clay County between Manchester and Hyden. The building was about twelve feet from the edge of the pavement, and was located on a sharp curve that bore to the left for westbound, or traffic traveling toward Manchester.

In explanation of the occurrence, Bobby Shepherd and his companion, Dave Thomas, testified that, as they were traveling toward Manchester, they were forced off the road by an unidentified truck which, in going around the curve, was across the center line. Further, they testified that Shepherd was going about forty miles per hour before meeting the truck, and that, while the road was dry, the berm was slick since it had rained during the day. Thus, when he applied his brakes, he slid and hit the building.

Since the trial of this case this Court has decided Vernon v. Gentry, Ky.1960, 334 S.W.2d 266, which is controlling in the case at bar. Under whatever legal theory the reasons for holding the driver of an automobile in a case like this may be expressed, it is apparent that, as between the plaintiffs—owners of the damaged building and personal property—and the defendant-appellant—owner of the truck—the latter is the only party who could have been negligent in the circumstances. For that reason we have concluded that cases such as this should be submitted to a jury and the credibility and reasonableness of the explanation left to it. For discussions of various aspects of the problem, see "The Res Ipsa Loquitur in Kentucky," 37 Ky.L.J. 327; Lewis v. Wolk, 1950, 312 Ky. 536, 228 S.W.2d 432, 16 A.L.R.2d 974; Schechter v. Hann, 1947, 305 Ky. 794, 205 S.W.2d

690; Reibert v. Thompson, 1946, 302 Ky. 688, 194 S.W.2d 974; Ralston v. Dossey, 1941, 289 Ky. 40, 157 S.W.2d 739; Dunning v. Kentucky Utilities Co., 1937, 270 Ky. 44, 109 S.W.2d 6; Black Mountain Corp. v. Partin's Adm'r, 1932, 243 Ky. 791, 49 S.W. 2d 1014; Prosser, Law of Torts, Second Ed., p. 211; Harper & James, The Law of Torts, Sec. 19.11. Even if the appellant had been confronted with an emergency, the reasonableness of his conduct in driving off the highway would have been a question for the jury. 5 Am.Jur., Sec. 701, p. 885.

The judgment is affirmed.