**JOS. N. RICE COMPANY, Appellant,**

**v.**

**Harvey GRAYSON, Appellee.**

Court of Appeals of Kentucky.

Dec. 16, 1960.

William R. Dunn, Covington, for appellant.

Daniel J. Goodenough, Covington, for appellee.

CLAY, Commissioner.

Plaintiff appellee, an employee of defendant appellant, sought to recover for damage to his automobile allegedly caused by the latter's negligence. The trial court directed a verdict for the plaintiff and a $427.63 judgment was entered.

The facts are not in dispute. Defendant operates a meat packing establishment and one day some of the cattle kept on its premises escaped and were at large on the streets of Covington. The plaintiff, with other employees, was directed by defendant to round up these cattle. It is apparently a custom, as one of the methods of getting the cattle off the streets, to run them down with an automobile, so disabling them that they may be dispatched and returned to the plant.

Being familiar with this mode of operation, plaintiff went in pursuit of a cow. He intentionally blocked a street hoping the cow would run into his automobile, which it did, thereby causing some mutual damage. He then wrestled with the animal but was unable to hold it. As it fled the scene he re-entered his automobile and continued the pursuit. Overtaking his quarry, he attempted to force it to one side of the street. The animal wheeled into the vehicle, causing further damage to both. As

a matter of fact, this final blow was "too much for the cow."

Plaintiff was cognizant of the possible and probable consequences of this venture. Admittedly "he was aware that in using an automobile to run into an escaped heifer to disable it the auto might be damaged." We cannot comprehend how the plaintiff could have a meritorious claim on the theory of defendant's negligence.

Plaintiff insists the doctrine of res ipsa loquitur applies, there being no evidence of how the cattle originally escaped. This doctrine must be linked with the injury suffered. There may be an inference of negligence when, according to common knowledge and experience, *the accident would not have happened except for* the wrongful act of the defendant. See Lewis v. Wolk, 312 Ky. 536, 228 S.W.2d 432, 16 A.L.R.2d 974. It seems obvious that if we designate the damage to plaintiff's automobile an "accident," it was not caused by the defendant but by the deliberate act of the plaintiff. He actually and intentionally made the "accident" happen. With this fact staring us in the face, it is impossible to presume the defendant *negligently caused* the calamity.

Even if we assumed that the defendant was negligent, recovery must be denied the plaintiff on the ground of his contributory negligence (involving the assumption of risk) as a matter of law. See Poole v. Lutz & Schmidt, 273 Ky. 586, 117 S.W.2d 575, and Jackson County Rural Electric Cooperative Corporation v. Massey, Ky., —— S.W.2d ——.

Had the plaintiff sought recovery on the ground of implied contract (in fact or in law), other considerations would have been significant. It is clear to us that he had no supportable claim in tort for negligence. Instead of the plaintiff, the defendant was entitled to a directed verdict.

The motion for appeal is sustained, and the judgment is reversed.