Cecil R. LEE, II, Administrator of the Estate
of Ruby T. Lee, Deceased, Appellant,

v.

Joe H. TUCKER, Administrator etc., of
the Estate of H. M. Tucker,
Deceased, Appellee.

Court of Appeals of Kentucky.

March 15, 1963.

Earle T. Shoup, Paducah, for appellant.

Wheeler & Marshall, Paducah, for appellee.

PALMORE, Judge.

H. M. Tucker and his daughter, Ruby T. Lee, were killed when the automobile in which they were traveling crossed into the left half of a 2-lane highway (U.S. 60) and collided with a truck headed in the opposite direction. This litigation, commenced by Mrs. Lee's administrator against Mr. Tucker's administrator c. t. a., consists of claim and counterclaim for wrongful death, but the counterclaim is not involved in the appeal.

No one knows which of the two decedents was driving the car at the time of the accident. Each had been observed at the wheel at different times earlier in the day. However, Mr. Tucker was the owner and was the last one seen in the driver's seat. The evidence was not as detailed as it might have been with respect to times and distances, but it is clear that the fatal trip began at Barlow, in Ballard County, shortly after noon, and that Paducah was the intended destination. Apparently the collision occurred around 1:00 P.M. at a point 4 miles west of Paducah, or about 20 miles from Barlow. Witnesses for the plaintiff, Mrs. Lee's estate, testified that they saw the car as it passed two points on the eastward outskirts of Barlow going toward Paducah and that Mr. Tucker was then driving and Mrs. Lee was a passenger on the right-hand front seat. A short while earlier Mrs. Lee had been observed in the driver's seat while the car was parked in Barlow. Mr. Tucker had a heart condition, and there was evidence that Mrs. Lee often, and perhaps usually, did the driving when they were together. The relative positions of the bodies on the highway immediately following the accident also provided some basis for deducing that both were thrown from the right front door of the car and that Mr. Tucker was the first one out.

In addition to instructions outlining the law of the case the court directed the jury "to return in this case a special verdict by answering the interrogatories attached hereto. If your answer to Interrogatory 1 is 'No', then you will not answer any of the other interrogatories." Interrogatory 1 was: "Are you able to find from the evidence who was driving the passenger car in which the decedents were riding at the time of the accident?" The jury returned a verdict, signed by one of its members, answering "no" to this question, whereupon judg-

ment was entered dismissing both claims. Mrs. Lee's administrator appeals.

It is not disputed that Mr. Tucker's ownership of the car and the evidence of his having been the last person seen driving it raised at least a "permissible inference" that he was the operator at the time of the accident. Otherwise, of course, the defendant would have been entitled to a directed verdict on the plaintiff's claim. The problem to be determined here is whether and to what extent this evidence had further procedural effect as a rebuttable presumption. Specifically, did it shift to the defendant the burden of proof on the issue of identity, so that if we should find the rebuttal evidence insubstantial, that issue should have been resolved as a matter of law? And if the rebuttal evidence was sufficient to warrant submission of the question to the jury, did the defendant's failure to convince the jury that someone other than Mr. Tucker was the driver entitle the plaintiff to a favorable determination in that respect as a matter of law? These two propositions were submitted successively (but, in each instance, unsuccessfully) by plaintiff's motion for a peremptory and his tendered instructions.

 The terms "inference" and "presumption" are merely descriptive of the weight given to circumstantial evidence as a matter of law in particular instances. The legal effect given to any evidence should and usually does depend on the degree of probability reflected by it. If it is accorded the dignity of a presumption it should not be because a wooden rule puts it in that category, but only because it is that persuasive. Whether res ipsa loquitur amounts to a re-

buttable presumption or merely a permissible inference is a classic example of the problem.[1] But whichever it may be, if when all the evidence on both sides has been heard reasonable men may differ on the conclusion to be drawn, the question should be for the jury; otherwise, the clear conclusion is a matter of law, one way or the other. Circumstantial evidence has no magic quality. It is measured by the same standards of probity and credibility as direct evidence. Cf. Prosser on Torts, § 43, pp. 211–217.

Applying the foregoing conceptions to this case, let us assume (though it is unnecessary to decide) that in the absence of any other evidence bearing upon the identity of the driver, the proof that Mr. Tucker was the owner of the car and was seen driving it toward the place where shortly thereafter the accident occurred would have had sufficient probative force to conclude the issue as a matter of law. If this was the state of the evidence when the plaintiff rested, he had raised at that stage a rebuttable presumption. But this does not mean the burden of proof was shifted to the defense. A defendant always runs the risk of a directed verdict against him if he fails to come forward with defensive proof; it depends simply on how strong a showing has been made by the plaintiff's evidence, standing unexplained—would it be clearly unreasonable for the jury not to be convinced by it? If so, what is to all intents and purposes a "rebuttable presumption" has been created. But if the defendant goes forward with the evidence, and injects enough doubt into the case that it may no longer be said that there is but one conclusion to be drawn by reason-

1. The more recent expressions of this court disclose an inclination to regard res ipsa loquitur uniformly as a presumption, entitling plaintiff to a directed verdict in the absence of rebuttal proof. Cf. Vernon v. Gentry, Ky.1960, 334 S.W. 2d 266, 268, 79 A.L.R.2d 1; Schechter v. Hahn, 1947, 305 Ky. 794, 205 S.W.2d 690, 693. What, however, of the middle ground where plaintiff's evidence is enough to justify but not to compel a verdict? See, for example, Droppelman

v. Willingham, 1943, 293 Ky. 614, 169 S.W.2d 811, 813, illustrating the permissible inference theory. Our latest reference to the subject, in Kentucky Home Life Insurance Company v. Wise (rehearing denied Feb. 22, 1963) Ky., 364 S.W.2d 338, suggests that as a practical matter, whether the term "res ipsa loquitur" means a permissible inference or a rebuttable presumption should depend on the particular circumstances of the case. This is Prosser's view.

851

able men, then what was provisionally a matter of law becomes an issue of fact for the jury, in that he has rendered unclear that which appeared clear and uncertain before he introduced his evidence. It is for the jury to assess the effect of his "rebuttal" (unless, of course, it is so clear and conclusive as to entitle the defendant himself to a directed verdict).

We agree with Prosser that there is no sound logic in shifting the burden of proof on the basis of the evidence. The weight to be given to the evidence in a case is relevant only to the question of *whether the burden has been sustained;* it has no rational bearing on the question of *who has it.* The latter question is settled when the pleadings are completed. If the plaintiff's evidence is not strong enough to entitle him to a directed verdict at the conclusion of the trial, and he has been unable to convince the jury, where is the justice of giving him a verdict nevertheless? The only possible justification for so strong a presumption would be that the evidence raises an extraordinary degree of probability, and if the evidence were that persuasive he would be entitled to a directed verdict anyway.

Rodney v. Staman, 1952, 371 Pa. 1, 89 A.2d 313, 32 A.L.R.2d 976, and the annotation following at 32 A.L.R.2d 988 support the proposition that the ownership or operation of the automobile raises a rebuttable presumption as to its operation at the time of the accident, but they do not appear to give the presumption the effect of shifting the burden of proof. In Drahmann's Administratrix v. Brink's Administratrix, Ky. 1956, 290 S.W.2d 449, this court applied the presumption in a case involving an airplane crash but did not explore into the procedural effect of the presumption beyond the point of its raising a jury question and thus preventing a directed verdict against the plaintiff.

We hold that when the probative force of a plaintiff's evidence is such that in the absence of further proof he is entitled to a directed verdict (a conclusion that must depend on the circumstances of the individual case, as distinguished from a categorization by type of case or type of evidentiary problem), he has established a rebuttable presumption. This places on the defendant the practical necessity (which, to avoid confusion, ought not to be referred to as a "burden") of going forward with proof if he would avoid a peremptory, but it does not shift the burden of proof in the sense that he loses if the jury cannot decide the issue one way or the other. His rebutting evidence will reduce the presumption to the status of a permissible inference if it injects enough doubt that the jury may reasonably decide that the plaintiff has not proved his case.

It is our further opinion that the defensive evidence in this case created sufficient doubt as to the identity of the driver at the time of the accident that it would have been improper for the court to rule as a matter of law that Mr. Tucker was the driver. The motion for a directed verdict therefore was correctly overruled. Instructions P–6 and P–7 offered by the plaintiff were tantamount to a direction that unless the jury found that Mrs. Lee was the driver it should find that Mr. Tucker was. This, of course, would have placed the burden of proof on the defendant, and the instructions were properly rejected. It was the plaintiff's burden to convince the jury that Mr. Tucker was the driver. Having failed to do so, he was not entitled to a verdict.

As the court explicitly directed the jury "to return in this case a special verdict by answering the interrogatories attached hereto," we think it must be presumed that the answer "No" to Interrogatory 1 was a "verdict," and not an indication that there was disagreement among the jurors as to the identity of the driver. If there was doubt in this respect it was waived by failure to raise the question before the jury was dismissed.

The judgment is affirmed.