**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Claude COMPTON, d/b/a the Claude Compton Lumber Company, Appellee.**

Court of Appeals of Kentucky.

Oct. 9, 1964.

As Modified on Denial of Rehearing
March 12, 1965.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., C. E. Skidmore, Dept. of Highways, Frankfort, for appellant.

Rose & Short, Beattyville, F. Selby Hurst, Lexington, for appellee.

STEWART, Judge.

On October 11, 1958, Raymond Everidge, an employee of appellee, Claude Compton, d/b/a The Claude Compton Lumber Company, drove a truck owned by appellee onto a bridge of appellant, Commonwealth of Kentucky, Department of Highways. While the truck was on the structure it collapsed. The bridge, located on Kentucky Highway 52 in Beattyville, Lee County, had signs at each end, posted by appellant, which read: "Load Limit 6 Tons." Appellee's truck had an alleged gross weight in excess of 26 tons.

Appellant brought this suit to collect $11,255.44, the purported value of the bridge. The complaint alleged the negligence of appellee caused the damage. Appellee's answer denied negligence and further pled that the damage resulted from appellant's lack of diligence in failing to enforce the maximum load the bridge would accommodate, although it was on notice the weight limit was being repeatedly violated.

Appellee served a request for admissions, to which appellant did not respond. By this failure, appellant admitted the Board of Claims had found in the case of Com., Department of Highways v. Begley (see Ky., 376 S.W.2d 295, where this Court affirmed the circuit court judgment) That: (1) appellant was on notice that the bridge was in a hazardous and weak condition; that (2) prior to the collapse of the bridge, the Lee county judge had taken a

delegation to Frankfort to advise the Commissioner of Highways a new bridge was needed; that (3) prior to the collapse of the bridge vehicles of excess weight daily passed over the bridge; that (4) the bridge was constructed in 1906 and over the years had received little maintenance; and that (5) appellant should have been "impressively notified" of the condition of the bridge and the constant violation of the posted weight limit. See CR 36.01.

Upon the basis of the foregoing admissions, appellee moved the trial court for a summary judgment which was granted. This appeal is from that ruling.

CR 56.03 authorizes a summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In Stevens v. Howard D. Johnson Co., 4 Cir., 181 F.2d 390, 394, in speaking of F.R.Civ.P. 56(c), which is comparable to CR 56.03, that court said: " * * * it (summary judgment) should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. * * * [a]nd this is true even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom." In Furlong v. Stichman, D.C., N.Y., 24 F. R.D. 400, it was stated that, generally, summary judgment is not feasible in negligence cases, and it is only in an exceptional negligence case that the rule may be invoked.

What is the duty of the Department of Highways as to the course it should follow in dealing with a dangerous condition that may arise on any highway under its jurisdiction of which it has, or could have had, knowledge?

That duty was spelled out in Commonwealth v. Dever, 284 Ky. 150, 143 S.W.2d 1065. In that case heavy rains and floods in January and February of 1937 had caused dips and depressions to occur at intervals in the pavement of U.S. Highway 60 in Henderson County, near the Spottsville Bridge

over the Green River. On July 31st of that year an automobile driven by one William Dever, in which his mother, Alda Dever, was riding, en route from Henderson to Rockport, struck the first dip, left the road out of control and turned over. Alda Dever's death occurred, and suit was instituted, pursuant to a resolution adopted at the 1938 session of the General Assembly, to recover from the Commonwealth of Kentucky and the State Highway Commission such damages for her death as may have been sustained by reason of their negligence.

The District Engineer of the State Highway Commission in that case established the fact that east of the first dip (the Dever car was traveling west) two large signs had been erected in March, 1931, prior to the accident, on one of which the words "Danger—Dips in Road" were printed and on the other the word "Slow." These signs were staggered along this portion of the road.

In deciding that under the evidence appellant's motion for a directed verdict should have been sustained by the trial court, this Court said: " * * * But the Highway Commission, even when the State has waived its immunity from suit, is not an insurer against accidents arising from defects or dangerous conditions on a public road. Its duty is merely that of a private corporation or municipality subject to suit, namely, to exercise ordinary care to prevent injury from defects in the highway. We are of the opinion that it fully discharged that duty when it erected the signs referred to in the testimony of the District Engineer * * *."

KRS 189.230(1) provides that the Department of Highways may by notice prescribe load and speed limits "whenever in its judgment any highway may, by reason of its design, deterioration, rain or other natural causes, be damaged or destroyed by motor trucks or semitrailer trucks, if their gross weight or speed exceeds certain limits." KRS 189.230(2) requires the notice to be posted at conspicuous places at the

termini of the section of the highway to which it applies. This subsection further states: "After such a notice has been posted, no person shall operate any motor truck or semitrailer truck contrary to its provisions."

■ Thus it appears the responsibility imposed upon the Department of Highways by case law and by statute is to make known to the traveling public any hazards which exist on any roads under its supervision and which are known to it or that could have been reasonably ascertained by it. In Com., Department of Highways v. Young, Ky., 354 S.W.2d 23, a Board of Claims case, the Department was held liable for an injury occasioned by the caving in of a highway while a motorist was driving over it. The opinion stated the Department was aware there was a washout under this particular section of the pavement but had resorted to no measures to warn those who might travel over the highway.

■■ There seems to be no dispute but that appellee had knowledge of the posted weight limit because anyone approaching the bridge on the highway could clearly see the notice before he entered onto the bridge. Since it is admitted appellant had information the warning notice was being frequently disregarded, was an additional responsibility cast upon it? The answer must be in the negative. As indicated in the Dever case, supra, appellant was under a duty only to exercise ordinary care; and we believe it employed such care when it placed on the bridge a conspicuous notice of the maximum weight it would support. This was the utmost duty required of it by subsections (1) and (2) of KRS 189.230. Consequently, as it cannot be said appellant

was negligent the defense of contributory negligence interposed by appellee is without merit.

However, appellee contends Com., Department of Highways v. Ragland Potter Company, Ky., 305 S.W.2d 915, entitled him to summary judgment. We do not agree. In that case the duties owed to the plaintiff by the Commonwealth were entirely different from those owed to appellee here. Language appears in that opinion to the effect that there was no evidence the excess weight of the defendant's truck caused or contributed to the collapse of the bridge. This statement was inaccurate and was unnecessary to the decision.

■ In the instant case appellee's truck with an alleged gross weight of more than twenty-six tons was propelled upon a bridge that conspicuously displayed a weight accommodation of six tons. The bridge almost immediately fell with the truck. Can it be maintained that a truck of such great weight did not cause a bridge of such small weight capacity to fall in? Certainly a rebuttable presumption was created that the proximate cause of the bridge's collapse was the negligent act of driving an overweight truck on it. If, at the trial of this case, and we are directing that a trial be had, there be an absence of evidence to overcome this presumption appellant will be entitled to a directed verdict on the question of liability. See Lee v. Tucker, Ky., 365 S.W.2d 849.

It follows that the circuit court improperly sustained appellee's motion for summary judgment.

Wherefore, the judgment is reversed and the case is remanded for consistent proceedings.