577

COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Delbert BURCHETT et al., Appellees.

Court of Appeals of Kentucky.

Oct. 13, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Perry R. White, Jr., Dept. of Highways, Frankfort, for appellant.

John A. Keck, Grayson, John W. McKenzie, Ashland, H. R. Wilhoit, Jr., Grayson, for appellees.

DAVIS, Commissioner.

The Department of Highways of the Commonwealth of Kentucky sued appellees, Delbert Burchett and George Easterling, alleging that Burchett's truck operated by Easterling collided with and substantially destroyed a bridge on Kentucky Highway No. 1 in Carter County. At the conclusion of the evidence offered by the Department, the trial court directed a verdict for the appellee-defendants. This appeal challenges the propriety of the judgment entered pursuant to the directed verdict.

The evidence disclosed that a 1953 Chevrolet tandem truck, partially loaded with gravel, came into collision with the bridge in question, causing the bridge to collapse. The Department offered evidence that the damages amounted to more than $7,500.00.

The Department called as witnesses the appellees, Burchett and Easterling. East-

erling testified that he was operating the truck at a reasonable speed when he entered upon the bridge, and that just after the vehicle got on to the bridge, a blowout occurred in the left front tire causing him to lose control of the truck. It was this unexpected incident which brought about the collision and consequent damage according to the evidence of Easterling. There was no substantial showing that Easterling or Burchett had made any inspection of the tires, and there was evidence reflecting that appellee Burchett usually equipped his vehicles with used tires. A state trooper who investigated the incident deposed that the right front tire was flat rather than the left one as related by Easterling. The trial occurred some five or more years after the accident, and the witnesses were not able to recall with certainty some of the details of the physical facts.

The Department contends that the doctrine of res ipsa loquitur is applicable and that the trial court erred in accepting the exculpatory version related by the appellees.

Our opinions have dealt with the res ipsa loquitur doctrine and have achieved comparative unanimity insofar as recognizing the principles upon which the doctrine rests. There has not been unanimity in the results of the various cases in which the doctrine has been at issue, but the divergence is based upon different factual situations obtaining in the various cases.

In Thompson v. Kost, 298 Ky. 32, 181 S.W.2d 445, we dealt with the doctrine of res ipsa loquitur in a situation involving a blowout of a tire. In Thompson the trial court had directed a verdict for the plaintiffs who were passengers in the wrecked automobile. This was held to be error, and the case was remanded to the circuit court for submission to a jury, it being observed by the court that neither the plaintiffs nor the defendant should be awarded a directed verdict.

Lewis v. Wolk, 312 Ky. 536, 228 S.W.2d 432, 16 A.L.R.2d 974, is a leading case discussing the res ipsa loquitur doctrine. In Lewis, as in many of the decisions, it is recognized that there are three essential elements for the invocation of the res ipsa loquitur doctrine:

"There are three essential elements: (1) the instrumentality must be under the control or management of the defendant, (2) the circumstances, according to common knowledge and experience, must create a clear inference that the accident would not have happened if the defendant had not been negligent, and (3) the plaintiff's injury must have resulted from the accident." Id. 228 S.W.2d 433–434.

In Lewis we discussed whether the explanation offered by the defendant was sufficient to destroy the "continuing force" of the presumption or inference of negligence created by the happening of the event. The problem was discussed in depth in Lewis, and it was there explained that in some instances the facts warrant a directed verdict for the defendant but that these are "exceptional cases":

"It is true there are exceptional cases where the defendant's evidence so clearly establishes the absence of negligence that a directed verdict in his favor may be proper. This rule is applicable when it is shown that an efficient, independent, intervening cause initiated the chain of events." Id. 228 S.W.2d 435.

The same general conclusions were recognized in Crawford v. Alexander, Ky., 259 S.W.2d 476, in which we said of the quantum of proof required to entitle the defendant to a directed verdict:

"It is only when there is no evidence rebutting the justifiable inference of the fact of negligence or when that which is introduced is of such character and force as to completely overcome and leave no reasonable presumption or inference whatever. The evidence must

be of a conclusive character, undisputed and uncontradicted or show physical circumstances which reduce the situation almost to a certitude." Id. 259 S.W.2d 478.

In Cox v. Wilson, Ky., 267 S.W.2d 83, 44 A.L.R.2d 830, we upheld a directed verdict for the defendant in a tire blowout case. In Cox there was uncontradicted evidence of tire inspection and a complete absence of any factual background supporting an inference of negligence on the part of the defendant. In Cox we said that the "* * * characteristics [of that case] are not those of a true res ipsa loquitur case, because it cannot accurately be said that ordinarily under similar conditions a tire will not blow out without negligence on the part of the operator of the car." Id. 267 S.W.2d 85. The case at bar is distinguishable upon its facts from Cox v. Wilson, supra. Here we have no evidence of inspection, coupled with the use of second-hand tires. It was not conclusively demonstrated that a blowout occurred before the truck hit the bridge. The jury was not required to believe the explanation of Easterling, particularly in light of the contrariety of evidence as to which of the tires was flat.

 A more recent discussion of the problem at hand insofar as it relates to rebuttal of an inference or presumption is found in Lee v. Tucker, Ky., 365 S.W.2d 849, in which we expressed the principle thus:

"Whether res ipsa loquitur amounts to a rebuttable presumption or merely a permissible inference is a classic example of the problem. But whichever it may be, if when all the evidence on both sides has been heard reasonable men may differ on the conclusion to be drawn, the question should be for the jury; otherwise, the clear conclusion is a matter of law, one way or the other." Id. 365 S.W.2d 851.

It is our view that men may reasonably differ on the conclusion to be drawn from the evidence in the case at bar. It follows, therefore, that neither the appellant nor the appellees were entitled to a directed verdict, and the court erred in directing the verdict for the appellees.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.